In the Matter of EDWARD B. GOULD, an Incompetent Person.

CHARLES F. HAMMOND, as Committee, et al., Appellants; NORMAN J. GOULD, Respondent.

Argued January 10, 1940; decided March 5, 1940.

*Earl W. Murray* and *Joseph J. Doyle* for appellants. Neither respondent's petition for the appointment of a special guardian nor the order appointing the special guardian constituted the initiation of a proceeding for the payment of the incompetent's debts. (*Finch* v. *Goldstein,* 245

N. Y. 300.) The alleged claim is defective. (*Diehl* v. *Becker*, 227 N. Y. 318.)

*Alfred L. Becker* and *Philip Serling* for respondent. A waiver by court and committee of any further or more formal proof or notice of claim was established. (*Matter of Miles*, 170 N. Y. 75; *Lambert* v. *Craft*, 98 N. Y. 342; *Gansevoort* v. *Nelson*, 6 Hill, 389; *Matter of Williams*, 121 Misc. Rep. 54; *Watertown Nat. Bank* v. *Bagley*, 134 App. Div. 831; *State Loan & Trust Co.* v. *Cochran*, 130 Cal. 245; *O' Neil Supply Co.* v. *Petroleum H. & P. Co.*, 280 N. Y. 50.)

CONWAY, J. There were three brothers named Gould, Edward B., Norman J., and Seabury S. Edward B. had a wife, Wilma, with whom he had marital difficulties. In an action which he brought against her for divorce, she counterclaimed for separation and obtained an order for temporary alimony, counsel fees and expenses. Payments of alimony under the order making such provision became due on June 1 and July 1, 1931. Payment of $1,500 for counsel fees and expenses became due May 15, 1931. On May 16, 1931, Norman J. Gould petitioned for the appointment of a committee of the person and property of Edward B. Gould and a declaration that he was an incompetent person. The first jury to pass upon the matter in June of 1931 found that Edward B. Gould was competent. After the verdict had been set aside a second jury, in January, 1932, found that he was incompetent. In between those two verdicts a special guardian was appointed on July 28, 1931, to take care of the affairs of the alleged incompetent, upon the petition of Norman J. Gould.

It would appear that the reason for filing that petition was that Wilma Gould had made a motion in the divorce action for a sequestration of assets and income of her husband and the appointment of a receiver of his property. He had income by reason of a trust which he had set up of certain shares of stock in the Goulds Manufacturing Company under which upon his death the shares would pass to his brothers, Norman J. and Seabury S. It would

appear to have been important to defeat the motion for sequestration and the appointment of a receiver, made to compel payment of the sums due for alimony, counsel fees and expenses. As a basis for the application for the appointment of a special guardian, Norman J. Gould alleged that his brother, Edward B., had not signed any checks nor taken any steps for the care of any of his affairs; that he was in a hospital by order of the County Court; that installments for alimony were due; that nearly all of his personal property was the subject of a trust agreement dated November 14, 1930; that the alleged incompetent was indebted by reason of " *approximate* amount advanced by Norman J. Gould and Seabury S. Gould to Edward B. Gould at latter's request for *various purposes* at *various times*, $12,000."

It would be difficult to recite an obligation in terms more vague, but it is claimed that this constituted a presentation of a claim against Edward B. Gould.

A hearing upon the petition was held on July 28, 1931. Seabury S. Gould testified as to claims. He offered no proof as to any claim of his own or of Norman J. Gould.

Upon that petition, on July 28, 1931, James M. Ryan was appointed special guardian to receive income, pending the termination of the proceeding for the appointment of a committee, and to apply it, *first*, for the care and maintenance of the said Edward B. Gould or any medical care or attention which he might require; *second*, to apply any remaining portion of the said income for the support of the family of said Edward B. Gould and in payment of any award for any alimony and counsel fee made in the divorce action between Edward B. Gould and Wilma E. Gould; *third*, to apply and pay any portion of said income remaining toward payment of such other debts of the said Edward B. Gould as in the judgment of said special guardian should be just and *proper* claims against his estate and the payment of which would be for the best interests of his estate and the conservation of his property pending that proceeding.

The alleged claim was not recognized or adjudicated in or by that order.

Following the finding of incompetency and on January 12, 1932, Ryan was also appointed committee of the person and estate of Edward B. Gould.

Thereafter in the same year Ryan filed his account both as special guardian and as committee. He annexed to the account a schedule containing a statement of *all claims presented to him* against the estate *remaining unpaid.* He further swore that the debts listed were justly due and owing. There was no mention in the schedule of the alleged claim of $12,000. Norman J. Gould waived the issuance of citation and consented that the account proceed to decree. Ryan was thereupon discharged and turned over the balance in his hands to one Hammond, who was appointed committee.

The allegation of the claim in the petition had served its purpose in obtaining the appointment of the special guardian, the assets and income of Edward B. Gould had not been sequestrated, nor had a receiver been appointed, the trust estate continued intact and the shares of stock in the Goulds Manufacturing Company would go to Norman J. and Seabury S. if Edward B. predeceased them. The claim was abandoned.

In April of 1937 there was tried in the Supreme Court, Cayuga county, an action brought by Wilma E. Gould, the incompetent's wife, to set aside the living trust made by the incompetent and to which reference has been made heretofore. It will be remembered that the trust agreement was executed November 14, 1930, six months before the original petition of Norman J. Gould for the appointment of a committee of Edward B. Gould. The trial resulted in the setting aside of the trust. Thereafter, in October, 1937, Hammond, as committee, brought a proceeding under article 9 of the Debtor and Creditor Law (Cons. Law, ch. 12) for the purpose of obtaining an order directed to creditors of the incompetent to prove their claims against the estate. Annexed to that petition were two schedules, the first marked " A," containing a list of the known creditors of the incompetent. With one exception they were the

creditors listed by Ryan on his accounting. There was also attached a second schedule marked "B" which included those interested in the action brought by Wilma E. Gould to set aside the trust. Norman J. Gould was listed in the second schedule but not in the first.

Thereupon Norman J. Gould filed a bill of particulars of so much of the $12,000 claim, mentioned in the petition for the appointment of the special guardian, as represented moneys advanced by him, stating that there were no particulars furnished of any claim of Seabury S. Gould because he had died and it was impossible to furnish such particulars.

The particulars attempted to be furnished totalled upwards of $13,000. No vouchers were furnished with them, although the Debtor and Creditor Law so requires. Moreover, the bill of particulars does not appear to have been furnished under the Debtor and Creditor Law, since no bill of particulars is provided for therein, and it recited that it was "furnished voluntarily pursuant to the request therefor" of the committee and his attorney.

The contentions of Norman J. Gould are recited in the order of October 4, 1938, of the county judge appealed from. They are: "That the petition presented to this Court by Norman J. Gould on July 7, 1931, for the appointment of a Special Guardian and having annexed to said Petition, a schedule of assets and liabilities of said Edward B. Gould, so far as the same were known to said petitioner, constituted a presentation of the claim of Norman J. Gould against the estate of said Edward B. Gould, said claim being set forth in the Schedule annexed to said petition as follows: 'Approximate amount advanced by Norman J. Gould, and Seabury S. Gould to Edward B. Gould at latter's request for various purposes at various times, $12,000,'" and "that when the said Court took jurisdiction of said proceeding, and received evidence regarding claims against the estate generally and allowed an amendment of the petition for the appointment of a special guardian so as among other things to take cognizance of the claims presented or known, and to entertain a motion looking toward

the payment of certain thereof out of surplus income, and made certain directions with reference to the claims referred to in said Schedule or proved at said hearing, it was in the nature of an initiation of litigation concerning said claims, and further that even though it did not constitute an actual filing of a claim by the claimants, as the Statute requires, yet it could be construed as equivalent to the filing of a claim, and that when the Court made the directions in the Order appointing the Special Guardian as hereinabove referred to, and gave directions with reference to the general claims against the estate, that thereby a proceeding ' in the nature of an initiation of litigation ' concerning those claims, had been commenced and that therefore all claims referred to in said Schedule or proved at said hearing, were thereby saved from the tolling of the Statute of Limitations, and that the special guardian, the committees and the Court itself, as custodian of the property of the incompetent, waived any requirements of any further, different or more formal presentation of all such claims, and that the committee at the present time is and equitably ought to be estopped from setting up the Statute of Limitations as a bar to any items of said claims accruing less than six years prior to July, 1931."

The county judge, after reciting in the order the filing of the Ryan account without making mention of the alleged claim of Norman J. Gould as having been filed, and the entry of an order approving said account, adjudged and decreed that the alleged claim was not duly or properly filed at any time with the committee or special guardian, that the reference to said claim in the schedule annexed to the petition for the appointment of the special guardian did not constitute such filing or presentation as required by statute (Debtor and Creditor Law, §§ 250, 252) and that the Statute of Limitations was a bar to it. (The last date of a claimed advance made in the so-called bill of particulars was July 31, 1931.)

The record completely refutes the contentions of claimant. There is no evidence to support them. Ryan, on his account-

ing, recited that " Schedule ' C ' hereto annexed contains a statement of all claims presented to me against the said estate which remain unpaid." In his affidavit of May 7, 1932, he deposed that: " According to the best of his knowledge, information and belief, all the debts stated in such account at the time of the settlement thereof were justly due and owing; * * * and that he does not know of any error in said account *or anything omitted therefrom* which may in anywise prejudice the right *of any party interested in the estate* of the said Incompetent."

Seabury S. Gould, a joint claimant with Norman J. Gould, had testified as to claims on the hearing before Ryan was appointed and had offered no proof as to the $12,000 claim on behalf of himself or his brother. He was the only witness. On the accounting of Ryan, Norman J. Gould consented to the entry of a decree thereon. Upon the entering of the decree the abandonment of the claim was completed.

That disposition by the parties may not now be attacked collaterally in this proceeding under the Debtor and Creditor Law.

As to the decision of the county judge under date of August 4, 1931, it provided for payment of charges for the maintenance of Edward B. Gould, then for payment of alimony and counsel fees and that " any portion of the income that shall remain shall then be applied toward the payment of such of the remaining debts of Edward B. Gould as in the judgment of the Special Guardian shall be just and proper claims against his estate and the payment of which shall be for his best interest and the conservation of his property pending this proceeding."

The order dated July 28, 1931 (*sic*), after providing for the payment of maintenance for Edward B. Gould and payments of alimony and counsel fee and for support of his family, directed the special guardian: " Third, to apply and pay any portion of said income remaining toward payment of such other debts of the said Edward B. Gould as in the judgment of said Special Guardian shall be just

and proper claims against his estate, and the payment of which shall be for the best interests of his estate, and the conservation of his property pending this proceeding."

The debts and proper claims referred to were, of course, those presented and established. The contentions of Norman J. Gould are without substance. Indeed, it would seem fair to say that, after the claim had been abandoned, there was an attempt to resurrect it by means of the bill of particulars to meet the new condition presented by the setting aside of the trust indenture of November 30, 1930. This may not be accomplished.

The order of the Appellate Division should be reversed and that of the County Court affirmed, with costs in this court and in the Appellate Division.

The first question certified is answered in the affirmative; the second in the negative.

LEHMAN, Ch. J., LOUGHRAN, FINCH and RIPPEY, JJ., concur; SEARS and LEWIS, JJ., taking no part.

Ordered accordingly.