Mario Pittoni, J.
Motion by Herbert S. Goodman, as committee of the incompetent, to set aside service of summons and complaint on the ground that he was never served or given a court order permitting service of summons and complaint upon the incompetent, and that no court order for that purpose has been issued.
It appears that defendant Goodman was duly appointed a committee and that on or about the day of the appointment he was served in the action herein.
*650 Sections 225 and 226 of the Civil Practice Act do not state that permission must be first obtained, but merely that service shall be made on both the incompetent and the committee. However, since the action was one against an adjudicated incompetent for whom a committee was appointed, the service of the summons on the incompetent and the committee without leave of the court was improper, and the service may be vacated. (Grant v. Humbert, 114 App. Div. 462; Smith v. Keteltas, 27 App. Div. 279.) But such leave may be granted by the court nunc pro tunc. (19 Carmody-Wait, New York Practice, 718; Dunham v. Fitch, 48 App. Div. 321.) Such leave should be granted in this case. 1 ‘ The court, which by its committee takes possession of the property of the incompetent person, is clothed with full authority to pay all just claims against the incompetent to the extent of his estate, and to determine the validity of claims by reference, if the facts are disputed. This summary remedy is favored by the courts, and is adopted in all cases unless some special facts or circumstances exist which render it necessary or appropriate that the claimant should be permitted by the court to maintain an action for the purpose of having his claim or the extent thereof adjudged.” (Grant v. Humbert, supra, pp. 464-465.) The cause of action set forth in the complaint is based on negligence, and the validity and extent of such a claim should not be decided summarily upon a petition to the court praying for allowance of the claim; rather it should be determined in an action. Therefore, since ample notice and opportunity to defend and protect the incompetent was given, the court hereby grants, nunc pro tunc, leave to sue the incompetent and his committee.
Motion is denied and leave is granted as specified.
Submit order.