■ ALICE SULAHIAN, Appellant, v. CITY OF NEW YORK et al., Respondents. — Order, entered on February 6, 1963, denying plaintiff's motion for reconsideration of an order revoking her preference on the Trial Calendar under former subdivision 5 of rule V of the New York County Supreme Court Trial Term Rules, now Special Rule of the Appellate Division, First Department, regulating the granting of preferences in actions for personal injuries, effective March 1, 1962, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs, and the motion granted. To penalize plaintiff by revoking a preference theretofore granted following her failure to accept an offer consequent on a pretrial exploration of the possibility of settlement constitutes a gross abuse of discretion. (*Wolff* v. *Laverne, Inc.,* 17 A D 2d 213.) Concur — Breitel, J. P., Rabin, McNally, Eager and Bastow, JJ.

■ In the Matter of JULES CHOPAK, an Attorney.— Motion for reinstatement to the Bar denied. Concur — Botein, P. J., Breitel, Rabin, Stevens and Steuer, JJ.

■ In the Matter of NELLIE CORRIGAN, an Alleged Mentally Ill Person.— Order, entered April 8, 1963, appointing a temporary receiver of the property of an alleged incompetent, vacated, under section 132 of the Civil Practice Act, on the law and in the exercise of discretion. There is presently no statutory authority for the appointment of a temporary receiver of the property of an alleged incompetent, although such appointment has been held to be within the court's inherent power (Civ. Prac. Act, § 1356 *et seq.*; Mental Hygiene Law, § 70 *et seq.*; cf. *Matter of Gould,* 257 App. Div. 109, 114, revd. on other grounds 282 N. Y. 132 with *Matter of Tyler,* 279 App. Div. 835; cf. Mental Hygiene Law, § 101, subd. [6], as added by L. 1962, ch. 310, § 280, eff. Sept. 1, 1963). In any event, need for a temporary receiver is not demonstrated where, as here, the alleged incompetent's property appears to be secure from dissipation pending proceedings for the appointment of a committee (*Matter of Tyler, supra*; cf. *Matter of Gould, supra*). Moreover, since, on April 15, 1963, proceedings for the appointment of a committee were instituted in Bronx County, and a special guardian appointed. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.