Abraham N. Geller, J.
A bank petitions the court for an order directing the committee of an incompetent to pay to it the amount due for legal services rendered by its counsel with respect to her property in a safe deposit box in petitioner’s vault or, in the alternative, that leave be granted to sue thereon. The proceeding in form accords with the established practice concerning claims against incompetent persons, as pointed out in Grant v. Humbert (114 App. Div. 462), that the court is clothed with full power to pay all just claims against the incompetent and to determine the validity thereof, the summary remedy being adopted in all cases unless facts or circumstances exist rendering it appropriate that claimant be permitted to maintain an action thereon. Although former sections 225 and 226 of the Civil Practice Act and subdivision (b) of 309 of the Civil Practice Law and Rules provide for the manner of service of the summons upon a person judicially declared to be incompetent and it is nowhere expressly stated that permission must first be obtained, service of summons without leave of court is improper (Meek v. Martin, 19 Misc 2d 649).
It is clear that the court’s function on presentation of such a petition is, in the interest of preserving the estate of incompetent, to examine into the merits of the claim being asserted against him. The court may then grant summary order for payment or allowance; or grant leave to sue; or deny the petition outright. Indeed, since an incompetent person is the ward of the court, the court has the duty and responsibility to make *1068 such determination and to refuse permission even to sue where the claim is not a maintainable or valid cause of action.
The theory of the asserted cause of action is that a bank as a bailee is entitled to reimbursement for expenses incurred in protecting and preserving the property or interests of one who has deposited property with the bank for safekeeping. The question, then, is whether such expenses were necessarily or reasonably required for the protection and preservation of such person’s property.
Here on a petition made by a Deputy Medical Superintendent of the Department of Mental Hygiene a proceeding was commenced for an order certifying that the person involved, a woman aged 95, was an alleged mentally ill person. In the course of that proceeding the court entered an order in August, 1962 appointing a temporary receiver to take possession of her property and preserve it, and further directing that proceedings pursuant to article 81 of the Civil Practice Act for the appointment of a committee be commenced as soon as practicable.
The bank in question permitted the receiver to inventory the contents of a safe deposit box owned by the alleged incompetent but, on advice of counsel, refused to permit the receiver to take possession thereof. Its counsel thereafter submitted papers in opposition to further implementary applications made by the receiver. In the interim a proceeding for the appointment of a committee had been commenced, resulting in such appointment in February, 1963. The bank turned over the contents of the box to the committee. The proceedings previously undertaken by the receiver were thereupon vacated and the bank withdrew its appeal from the orders therein. The bank then presented the within claim for its counsel’s legal services in the sum of $3,750.
The bank’s contention is that there was no authority for an order appointing a temporary receiver to take possession of an alleged incompetent’s property. It is true that there was no express provision therefor in article 81 of the Civil Practice Act, although it should be noted that this omission has been supplied in the Mental Hygiene Law (§ 101, subd. [6], eff. Sept. 1, 1963). But the power to appoint always existed. The question has always been and still is whether the power is properly exercised. That is clear from the recent decision in Matter of Corrigan, (19 A D 2d 522): “ There is presently no statutory authority for the appointment of a temporary receiver of the property of an alleged incompetent, although such appointment has been held to be within the court’s inherent power (Civ. Prac. Act, § 1356 et seq.-, Mental Hygiene Law, § 70 et seq.', *1069 cf. Matter of Gould, 257 App. Div. 109, 114, revd. on other grounds 282 N. Y. 132, with Matter of Tyler, 279 App. Div. 835; of. Mental Hygiene Law, § 101, sub. [6], as added by L. 1962, ch. 310, § 280, eff. Sept. 1, 1963). In any event, need for a temporary receiver is not demonstrated where, as here ”.
Since, then, there was authority for the order appointing a temporary receiver, the bank’s refusal to comply therewith and its subsequent legal maneuvers, purportedly to protect and preserve its bailor’s property, cannot lay the basis for claiming reimbursement of necessary expenditures on behalf of the bailor.
Moreover, there was neither necessity nor reasonableness in the steps taken by the bank and its counsel for such alleged purpose. A temporary receiver is an officer of the court. He is required to post adequate security to fully protect the alleged incompetent. Here the original surety bond for $50,000 was supplemented by an additional surety bond for $100,000 after the inventory of the contents of the safe deposit box had been taken.
Whether the order appointing the temporary receiver was or was not proper under the circumstances disclosed is not here raised or involved. The only issue is whether the alleged incompetent’s property was in danger of being dissipated or illegally taken and whether the services of the bank’s counsel were reasonably necessary for the protection of her property. The answer to that must be in the negative.
The application is therefore in all respects denied.