William J. Sullivan, J.
Defendant was the owner and operator of an uninsured automobile in w-hi-ch plaintiff’s intestate was a passenger, and plaintiff has filed a notice of claim against MVAIC. In contending that the court docs not have jurisdiction over the person of the defendant, the MVAIC urges that by reason of an order of this court dated May 8, 1964 the plaintiff was directed to comply with the specific requirements of section 254 of the Vehicle and Traffic Law in order to make proper service of the summons upon the defendant; that by reason of plaintiff’s failure to obtain a return receipt or proof of defendant’s refusal to sign same as required by underlying section 253 of the Vehicle and Traffic Law, the summons has not been validly served; and that plaintiff’s attempt to validate service by applying the provisions of CPLE 308 (subd. 4) is a device to evade the statutory requirements of said sections 253 and 254. The defendant’s contention that the requirements of sections 253 and 254 of the Vehicle and Traffic Law must he complied with in order to obtain proper service over the defendant in this case is without merit. Section 253 prescribes the method of service as to a defendant who is a nonresident of the State of New York; and section 254 requires the same mode of service as to a defendant who is a resident of the 'State at the *861 time of the accident and who departs from the State subsequent to the accident and remains absent for 30’ days continuously. These sections are not applicable to this defendant, because he was a resident of the State of New York at the time the accident occurred and there is no proof that he departed therefrom after the accident. Investigation at his place of residence in Brooklyn subsequent to the accident disclosed that he had moved therefrom without leaving any forwarding address; but the record is wholly devoid of any evidence that he absented himself from the State.
By order dated May 8, 1964 this court granted an ex parte application submitted by plaintiff’s attorney requesting that ‘ ‘ within the provisions of Section 308, subdivision 4 of the CPLR, this Court permit service upon the defendant Earl Vernon Raye to be made upon the Secretary of State of the State of New York within the ambit of Section 254 of the Vehicle and Traffic Law” (italics supplied). Since it appeared from the papers in support of said application that service under CPLR 308 (subds. 1-3) was not practicable, the court, pursuant to the discretion vested in it under subdivision 4 of said section, signed the order submitted by plaintiff’s attorney on said application reading as follows: ‘ ‘ ordered, that service of the summons and verified complaint herein upon the Secretary of State of the State of New York, in conformity with the provisions of Section 254 of the Vehicle and Traffic Law, shall constitute due service thereof upon the defendant Earl Vernon Raye. ’ ’ (Italics supplied.)
In retrospect, it would appear that plaintiff’s use of phrases such as “ within the ambit of Section 254 ” and “ in conformity with the provisions of Section 254 ’ ’ may well have created an ambiguity as to the exact method of service intended. Thereafter, however, to eliminate any such possible ambiguity, plaintiff’s attorney presented to this court an ex parte application for a further order under CPLR 308 (subd. 4) directing that the failure of plaintiff to file a registered mail “ return receipt ” signed by defendant or his agent should not invalidate the service directed under the order of May 8, provided that a copy of the summons be published in a designated newspaper and that service be deemed complete upon the filing of an affidavit of such publication. This further order was signed on August 6, 1964 and plaintiff’s attorney has complied with its provisions, tinder the facts herein, the court is of the opinion that the method for completion of service designated in the order of August 6 was within its power and discretion under CPLR 308 (subd. 4); that such direction could have been made by the court on the original *862 application (Pizzamenti v. Taylor, N. Y. L. J., Nov. 13, 1964, p, 17, col. 4, Anfuso, J.); and the fact that service was accomplished in two stages pursuant to two separate orders does not render it invalid.