William B. Groat, J.
This appeal involves a novel and important aspect of in personam jurisdiction over nonresidents. Specifically, we are called upon to consider whether CPLB, 308 (subd. 4) may be read together with CPLB 313 so as to authorize service of process by ordinary mail upon nondomiciliary defendants who are subject to the jurisdiction of New York courts under the single-act statute (CPLB 302).
This action was brought to recover for personal injuries sustained by plaintiff when he was struck by a motor vehicle owned and operated by nonresident defendants. The accident occurred on October 14, 1961 in the County of Kings, City of New York. Defendants ’ vehicle bore a Pennsylvania registration plate. It is alleged that at the time of the occurrence defendants produced an operator’s license and certificate of registration indicating that they resided at different addresses in Aliquippa, Pennsylvania. Numerous letters sent by plaintiff’s attorney to each defendant by ordinary mail were not answered, nor were they returned to him. However, certified and registered mail which he had directed to the defendants was returned to him by the post office.
It also appears that the Sheriff of Beaver County, Pennsylvania, unsuccessfully tried to effect personal service of process upon the defendants. On March 13, 1964, he reported that neither of the defendants could be found at the locations given and that one of the addresses was that of their parents who stated they had not heard from the defendants in four years. It is noted that the certificate of registration produced by defendant owner at the time of the accident gave the parents’ address as her residence during the period that they allegedly had not heard from the defendants.
Service of process was next attempted under section 253 of the Vehicle and Traffic Law. The Secretary of State was duly served, but registered mail directed to the defendants at their Pennsylvania addresses was returned by the post office with the notation “Moved. Left no address.” Literal compliance with the statute, which required the filing of proof of receipt of the papers or refusal thereof (Bauman v. Fisher, 12 A D 2d 32), was thereby rendered impossible.
Upon these facts, the court below apparently concluded that the defendants could not be served with process by any of the methods set forth in subdivisions 1, 2 and 3 of CPLB 308, and, pursuant to subdivision 4, made an ex parte order permitting service by ordinary mail to the defendants at the addresses which they had previously given. The Motor Vehicle Accident Indemnification Corporation (MVAIC), appearing specially *262 through its attorneys on behalf of the defendants under article 17-A of the Insurance Law, moved to set aside the service so made upon the defendants. From the denial of such motion, MVAIC appeals.
MVAIC contends that service by mail upon nondomiciliaries without the State is not authorized by CPLR 313; that section 253 of the Vehicle and Traffic Law precludes this type of service upon nonresident motorists even if CPLR 313 be construed to permit such service in other situations; that the mode of service authorized herein was not reasonably calculated to give notice of the pendency of this lawsuit and that exercise of jurisdiction over the defendants herein would be violative of their right to due process under the Fourteenth Amendment.
CPLR 313 in pertinent part provides that a person subject to the jurisdiction of the courts of this State under CPLR 302 may be served without the State ‘ ‘ in the same manner as service is made within the state ”. CPLR 302 subjects a nondomiciliary to in persoman jurisdiction if he commits a tortious act within the State. Necessarily, CPLR 313 must be deemed to incorporate by reference the provisions of CPLR 308 inasmuch as the latter section prescribes how service shall be made within the State, as follows:
“1. by delivering the summons within the state to the person to be served; or
‘ ‘ 2. except in matrimonial actions, by delivering the summons within the state to the agent for service designated under rule 318 of the person to be served; or
“ 3. where service under paragraph one cannot be made with due diligence, by mailing the summons to the person to be served at his last known residence and either affixing the summons to the door of his place of business, dwelling house or usual place of abode within the state or delivering the summons within the state to a person of suitable age and discretion at the place of business, dwelling house or usual place of abode of the person to be served and proof of such service shall be filed with the clerk of the court designated in the summons and service is complete ten days thereafter; or
“4. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraph one, two or three of this section.”
The purpose and scope of CPLR 308 (subd. 4) are succinctly set forth by Professor McLaughlin in his Practice Commentary on CPLR 308 (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, p. 475): “ Paragraph 4 has no antecedent in the CPA. It is *263 designed to give the court discretion to authorize special modes of service when all other avenues have been exhausted unsuccessfully. So long as the court devises methods that are reasonably calculated to give the defendant notice of the lawsuit and an opportunity to be heard, no constitutional problems should arise. Milliken v. Meyer, 1940, 61 S. Ct. 339, 311 U. S. 457, 85 L. Ed. 278, rehearing denied 61 S. Ct. 548, 312 U. S. 712, 85 L. Ed. 1143.” In this connection, it has been stated that “service merely by mailing ” is a permissible mode of service under subdivision 4 of CPLR 308. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 314.02.)
It is plainly evident that the draftsmen of the CPLR intended the provisions of CPLR 308 to be read into and deemed a part of CPLR 313. This is readily discerned from comments appearing in the Sixth Report to the Legislature by the Senate Finance Committee relative to the Revision of the Civil Practice Act (N. Y. Legis. Doc., 1962, No. 8, p. 111). Adverting to the provisions for out-of-State service contained in proposed CPLR 313, the report observes: ‘ ‘ Service without the state under this proposed section can be made in any manner that is permitted within the state pursuant to the amended proposed rules. At present, service without the state is limited to personal delivery or publication. N. Y. Civ. Prac. Act §§ 232, 233, 235. The permissive methods of service ivithout the state have been increased in order to enhance the possibility of acquiring in personam jurisdiction over non-residents subject to our courts’ jurisdiction under such statutes as proposed section 302 ’’ (Emphasis supplied.)
To similar effect, see Fifth Preliminary Report (N. Y. Legis. Doc., 1961, No. 15, pp. 271, 272; also, see, Weinstein-Korn-Miller (N. Y. Civ. Prac., vol. 1, par. 313.06).
In view of the foregoing, it would seem reasonable to conclude that CPLR 313 authorizes service without the State upon a nondomiciliary subject to the jurisdiction of the New York courts in the same manner as is permitted within the State. The finding implicit in the determination below that service herein was impracticable under subdivisions 1, 2 or 3 of CPLR 308 is fully warranted upon this record. The court was also justified in concluding, as we must assume it did, that service by ordinary mail would in the instant case be reasonably calculated to give notice to the defendants of the pendency of the action so as to meet the requirements of due process. (Milliken v. Meyer, 311 U. S. 457, supra; also, see, Wuchter v. Pizzutti, 276 U. S. 13.)
I see no merit in MVAIC’s argument that section 253 of the Vehicle and Traffic Law precludes service by mail upon *264 nonresident motorists under the provisions of CPLB 313. Although section 253 remains in effect and the procedures provided for therein may continue to be utilized, service may nevertheless be made under the single-act statute. Whether practitioners will avail of one method or the other, or both, would appear to be a matter of personal preference rather than statutory compulsion. It warrants noting that the desirability of providing alternatives to that afforded under the nonresident motorist statute is vividly demonstrated here since earlier efforts to effect service upon the defendants under the machinery of section 253 have proved futile.
While I am fully mindful that utmost caution and restraint should be exercised in authorizing service by mail, I can see no logical reason for withholding permission to make service in this manner in a proper case. This, in my opinion, is such a case since service by other methods has been found to be impracticable. Under all the circumstances herein, it is my view that service by ordinary mail is indicated as a reasonably probable means of reaching the defendants with process.
The order should be affirmed, without costs.
McDonald and Schwabtzwald, JJ., concur.
Order affirmed, without costs.