RICHARD DOBKIN, Respondent, v. SHIRLEY J. CHAPMAN, JR., et al., Defendants. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORP., Appellant.—In a negligence action to recover damages against the driver and the owner of an automobile, both allegedly uninsured and out-of-State residents, for personal injuries sustained in an accident which occurred in this State, Motor Vehicle Accident Indemnification Corporation (on behalf of itself and defendants) appeals by permission of the Appellate Term of the Supreme Court, from an order of said court, entered May 7, 1965, which affirmed an order of the Civil Court of the City of New York, Kings County, entered August 7, 1964, denying a motion by said Corporation on behalf of defendants to set aside the service of the summons and complaint upon defendants. Order affirmed, without costs. We affirm the findings expressed in the opinion of the Appellate Term (46 Misc 2d 260). The Legislature has provided that service upon a nondomiciliary may be made in the same manner as upon a domiciliary (CPLR 302, 308, subd. 4; 313). The question at bar is whether the manner of process selected by the Civil Court accords with the due process requirements of the Federal

and State Constitutions. The manner in which process may be served has heretofore always been in accord with some definite mandate of a statute. The only discretion allowed a court was to make a determination of whether the circumstances warranted employment of one statutory scheme or another. With the enactment of CPLR 308 (subd. 4) the power of the court has been enlarged. When normal statutory methods of effecting service of process have failed, the court may now devise a method by which service may be effected. The validity of the service will hence depend on whether under the circumstances of the particular case the method chosen is in accord with due process. We are here dealing with an automobile collision within our State. It has been noted by the Supreme Court of the United States that "the potentialities of damage by a motorist, in a population as mobile as ours," are so widespread "that those whom he injures must have opportunities of redress against him provided only that he is afforded an opportunity to defend himself" (*Olberding* v. *Illinois Cent. R. R. Co.*, 346 U. S. 338, 341). There is no reason to construe our statutes as requiring more. We do not consider that it is necessary in every case that an attachment be secured within this State of property belonging to a nondomiciliary before in personam jurisdiction can be exercised. Such a rule would render the remedial effects of our current statutes nugatory. As in the present case, there rarely is any property of the motorist within the State that can be attached. Such a requirement would not be in keeping with the legislative intent of enhancing in personam jurisdiction over nonresidents subject to the jurisdiction of our courts (Sixth Preliminary Report of the Committee on Practice and Procedure, N. Y. Legis. Doc., 1962 No. 8, p. 111). We are obliged to follow the legislative intent (*Matter of Petterson* v. *Daystrom Corp.*, 17 N Y 2d 32; *Matter of New York Post Corp.* v. *Leibowitz*, 2 N Y 2d 677, 689). The nondomiciliary motorist strikes within the State and is then gone. Jurisdiction may be exercised over him if he has been afforded a reasonable opportunity to defend himself (*Olberding* v. *Illinois Cent. R. R. Co., supra*; *International Shoe Co.* v. *Washington,* 326 U. S. 310, 316). On the record before us, the Civil Court was correct in deciding that process sent by ordinary mail to the Aliquippa, Pennsylvania, addresses supplied by the defendant motorist at the scene of the accident would give notice to defendants of the pendency of the action. Defendants listed those addresses on the registration and driver's license. The addresses were presented to the police of our State as the correct addresses at the time of the accident. Upon inquiry, the Bureau of Motor Vehicles of Pennsylvania certified that as of March 1, 1964, the addresses given were still the current addresses of defendants. Ordinary mail directed to defendants at those addresses had not been returned to the sender. Under these circumstances, notice by ordinary mail was reasonably calculated to apprise defendants of the pendency of the action and satisfies the requirements of due process (*Mullane* v. *Central Hanover Trust Co.*, 339 U. S. 306, 317; *Armstrong* v. *Manzo,* 380 U. S. 545, 550). Indeed, the course followed by defendants here, whether it be construed as a species of estoppel against a present contention of lack of jurisdiction concerning an action instituted by an injured party who relied on the genuineness of the address given (cf. *Greenwood* v. *White,* 25 A D 2d 73 [App. Div., 3d Dept.]) or as a kind of fraud which vitiates the claim of lack of jurisdiction, should not be countenanced to the detriment of the injured domiciliary who otherwise will be obliged to seek defendant out in a foreign State. Due process does not demand the impossible, but requires only the reasonable. The reasonable was the means used by the Civil Court in shaping the kind of process directed, for it can hardly be said that process directed to be served at the

very address given by the party who was the driver involved in an automobile accident and who thus may fairly expect that litigation will follow is violative of his rights. We therefore affirm. Brennan, Hopkins and Benjamin, JJ., concur; Ughetta, Acting P. J., and Rabin, J., dissent and vote to reverse the orders of the Appellate Term and the Civil Court and to grant the motion to vacate the service of summons upon the two defendants, with the following memorandum by Rabin, J., in which Ughetta, Acting P. J., concurs: The critical question in this case is whether the Civil Court could obtain jurisdiction in personam over the two nondomiciliary defendants involved in an automobile accident within this State, by directing that the summons be served by ordinary mail at the out-of-State addresses furnished for defendants at the time of the accident, after other attempted methods of service had failed. Plaintiff was injured in the Borough of Brooklyn on October 14, 1961, when struck by a vehicle owned by one of the defendants and operated by the other. The driver showed an operator's license and a registration indicating that defendants resided at different specified street addresses in Aliquippa, Beaver County, Pennsylvania. In January, 1964, after plaintiff's attorney had received no response to his claim letters, and after he had started a suit against MVAIC, he gave copies of the summons and complaint to the Sheriff of Beaver County for service upon defendants. The Sheriff returned the papers with the notation " not found ". In a letter the Sheriff stated that he had made an inquiry at the specific street addresses furnished for defendants. The parents of defendants lived at one of these street addresses and told the Sheriff that they had not heard from defendants for four years. A further investigation by a local attorney disclosed no further information. On March 19, 1964, in pursuance of section 253 of the Vehicle and Traffic Law, plaintiff's attorney attempted to serve defendants by serving the Secretary of State, but the papers used in this procedure were returned with the inscription: " Moved, Left no address ". With the foregoing efforts at personal and non-personal service having ended in failure, plaintiff applied for and obtained in the Civil Court an ex parte order which found that service could not be made under CPLR 308, subds. 1, 2, or 3, and pursuant to subdivision 4 of CPLR 308 directed that service be made by ordinary mail at the last known addresses of defendants in Pennsylvania. It is this order which the Appellate Term has affirmed and which MVAIC seeks to reverse on this appeal. The majority of this court has concluded both that there is a clear basis for in personam jurisdiction over defendants and that the ultimate method used to serve process on defendants to exercise such jurisdiction was valid. It is with the latter conclusion that we disagree. In our opinion, there is no proper factual distinction which can be made between the instant case and a previous case, in which by a unanimous decision, this court annulled an ex parte order authorizing service of process upon out-of-State motorists by publication in a newspaper in a locality where, as at bar, the factual developments indicated that defendants no longer resided (*Deredito* v. *Winn*, 23 A D 2d 849). In *Deredito*, we squarely held that article 3 of the CPLR did not authorize service upon nondomiciliary defendants by any method of non-personal service where: (a) no prior attachment of their property in this State has occurred; and (b) a finding could not be made that such service was calculated to give notice to them of the action and an opportunity to defend themselves. In *Deredito* we emphasized the factors that the correct street address of defendants, at the time of the making of the ex parte order in that case, was unknown to plaintiffs, the local Sheriff and to the Motor Vehicle Bureau where the defendants' car previously had been registered. In *Deredito* we also stressed the lack of

proof that defendants actually resided in the city named in the order of publication, when the publication was made. In some measure, the result in *Deredito* was predicated upon the propositions: (a) that CPLR 308, including subdivision 4 thereof, applies only to service upon a defendant within the State of New York (Carmody-Forkosch, New York Practice [8th Ed.], § 223, pp. 211-212); and (b) that where service by publication of a summons upon a nondomiciliary defendant was involved it was incumbent upon plaintiff to invoke CPLR 314 and 315 and, in advance of his application for such relief, to effect a levy upon defendant's property in this State, in like manner as prior to the enactment of the CPLR (Carmody-Forkosch, *op. cit.*, § 292, pp. 267–268). CPLR 308 (subd. 4) is only a means of authorizing a court to direct some alternative to personal service, service on an agent, or substituted service, and the "safe approach is to assume that the defendant's property [in this State] must be seized before service is made upon the defendant outside the state" (Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 314.18, p. 3-146). *Deredito* also was founded partly upon the proposition that, under case law, resort to section 253 of the Vehicle and Traffic Law was of no efficacy where the plaintiff did not know the true address of the nondomiciliary defendant. No jurisdiction is acquired over a foreign motorist when process, served upon him by the New York Secretary of State by mail, is returned for faulty address. The out-of-State motorist must either accept or reject the process mailed to him, otherwise no jurisdiction eventuates (Carmody-Forkosch, *op. cit.*, § 241, pp. 220–221). In assessing the use of section 253 as a means of service, it has been held in language relevant to the case at bar (*Bauman* v. *Fisher*, 12 A D 2d 32, 36): "Even if the statute could be construed as requiring no more than mailing to defendant's last-known address, plaintiffs' position in this case would not be measurably strengthened, as it would have to be held upon the conceded facts that there existed no reasonable probability, within the constitutional requirement, that the notice as mailed would reach the defendant or be communicated to him. Plaintiffs' attorneys knew, before addressing and mailing the papers, that defendant had removed from the address used and they had been informed by the Sheriff with whom they had lodged process for personal service that defendant's whereabouts were unknown. Thus, in our view, the statute, however construed in general, would have to be held violative of due process to the extent that it might recognize service as sufficient, when it was known in advance that probably the process would not be delivered and that the supposed address was in reality no address." In our opinion, there is no proper factual distinction between *Deredito* v. *Winn* (*supra*), and the case at bar. On the critical issue, it appears that in both the out-of-State address on which nonpersonal service was founded was not an accurate location, identifiable with the defendant attempted to be reached. At bar, the proof is only that the parents of defendants reside at the out-of-State address employed, and it would amount to an odd conclusion to hold that notice directed to a parent is notice upon an adult child, particularly when the parents informed the Sheriff that they had not heard from defendants for four years. The underlying fact at bar, as in *Deredito*, is that, despite plaintiff's diligence in hunting down the proposed defendant, no place is capable of being pinpointed as a means of establishing a *locus in quo* where it is likely that notice to defendant and opportunity to defend will occur. Absent such latter elements, *Deredito* held that constitutional service could not be upheld merely by using an address with which defendant had no present identification. Service in the manner permitted by the ex parte order at bar was therefore defective and should not be upheld. Moreover, we hold that our courts should

be wary about relying too heavily on the dictum referring to service by mail on out-of-town defendants (*Mullane* v. *Central Hanover Trust Co.*, 339 U. S. 306, 317). In the case cited it was held (p. 314) that "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" remains as a constitutional requirement of due process (*Armstrong* v. *Manzo*, 380 U. S. 545; cf. *Polansky* v. *Paugh*, 23 A D 2d 643). The order under review should be reversed and the motion to vacate service by mail should be granted.