Bernard S. Meyer, J.
Does CPLR 308 (subd. [4]) authorize the court to direct that service be made upon a defendant who resided in New York at the time of the accident by serving the insurance carrier whose name appears on the records of the Commissioner of Motor Vehicles as the insurer under a policy in force on the date of the accident? The Legislature could, of course, have constituted the insurer the agent of the insured for service of process, Milliken v. Meyer (311 U. S. 457, rehearing den. 312 U. S. 712), or even have authorized the bringing of action directly against the insurer. It has not done so. Plaintiffs by attachment plus publication could have brought defendant within the in personam jurisdiction of the New York courts (Fishman v. Sanders, 15 N Y 2d 298) and attachment *355 of the insurer’s obligations under the policy would be sufficient to that end (Seider v. Roth, 17 N Y 2d 111; Fishman v. Sanders, 18 A D 2d 689). Plaintiffs have not done so. Plaintiffs could have sought authorization under CPLR 3102 (subd. [c]) to examine the named insurer in order to ascertain whether it has a record of defendant’s present address or is currently in touch with her (Matter of Kaufman, 143 N. Y. S. 2d 853). They have not done so.
All that the moving papers show is that plaintiffs have attempted service at the address given to the policeman at the scene of the accident and been informed that defendant has moved leaving no address; that mail sent to her at that address has been returned marked “moved — left no address”; that the Department of Motor Vehicles has no other address for her; and that a search of Nassau and Suffolk telephone directories shows no other address, which is not surprising since the informant at the address given by defendant states that defendant moved in December, 1965. The application could, therefore, properly be denied because plaintiffs have not sufficiently shown that service under subdivisions (1) or (3) of CPLR 308 is impracticable (cf. Sellars v. Raye, 25 A D 2d 757). There is, however, the additional reason for denying the application that the substituted service must be “ reasonably calculated to give him [defendant] actual notice of the proceedings and an opportunity to be heard ” (Milliken v. Meyer, supra, p. 463; Fishman v. Sanders, 15 N Y 2d 298, 302, supra; see Deredito v. Winn, 23 A D 2d 849). If defendant has failed to report the accident to the carrier or otherwise acted in a fashion which would constitute a violation of her obligation under the policy to co-operate, the insurer’s interest would be adverse to insured, or at the very least there would be a conflict of interests. Without some showing of the actual relationship between insurer and insured, therefore, it cannot be said that notice to the insurer is reasonably calculated to give notice to the defendant. Dobbin v. Chapman (25 A D 2d 745) is distinguishable because there mail sent to defendant’s address had not been returned as it has here; Greenwood v. White (25 A D 2d 73) is also distinguishable because defendant there gave a false address, whereas in this case the address when given was correct and defendant did not move until approximately two months after the collision.
The situation would be simplified by legislation constituting the insurance carrier agent of the insured for the service of process with respect to any accident occurring while the policy was in force. Short of such legislation, however, or facts *356 evidencing (1) that the insurer is in contact with the insured and (2) that service under subdivisions (1) or (3) of CPLR 308 is impracticable, there is no basis for such an order. Plaintiffs ’ application is, therefore, denied.