Amos E. Bowman, J.
Defendant Nancy Lazrovitch moves to dismiss the complaint for lack of jurisdiction.
By order dated October 8, 1965 of Judge Blangiabdo, it was provided that service of the summons and complaint could be made by mailing by ordinary or certified mail upon defendants at their last known residence and Lumbermen’s Mutual Casualty Ins. Co., alleged .insurer for defendants. In the affidavit of the process server dated October 5, 1965 in support of the application for said order,, he made a sufficient showing that service under CPLR 308 (subds. [1], [2], [3]) was impractical so that CPLR 308 (subd. [4]) was necessary. The process server alleged that he went to the last known residence address and ascertained from the tenants that both defendants had moved prior to June 22,1965 and no longer lived there. In the affirmation by counsel for plaintiffs dated October 4,1965 in support of the application, he alleged that he wrote and mailed various letters in 1963 to the movant at her last known residence but none were returned to him. By letter dated November 11, 1963, Lumbermen’s Mutual Casualty Co. answered one of the letters sent by counsel for the plaintiffs and stated that there was no liability on the part of 'their insured. According to the affidavit of service, counsel for the plaintiffs on October 9,1965 mailed the summons and indorsed complaint by certified mail to defendants at their last known residence and Lumbermen’s Mutual Casualty Ins. Co. The one mailed to said Lumbermen’s Mutual Casualty Ins. Co. was returned “ unclaimed Therefore on October 29, 1965, counsel for plaintiffs alleged that he mailed the summons and complaint to the insurer by ordinary mail. The papers *651 mailed by certified mail to defendants and the papers mailed by ordinary-mail to the insurer were not returned,,
In the supporting affidavit by defendant Nancy Lazrovitch dated January 25, 1966, she alleges that she has not lived at 109-76 143rd Street, the last known residence address, for over two years and that she is separated from her husband, the codefendant, and does not know where he is living.
The accident took place in November, 1962. At the time of the accident, the codefendant Gerald Lazrovitch gave plaintiff his address as 109-76 143rd Street, Queens, New York. On April 26.1965, plaintiffs’ counsel wrote to the Motor Vehicles Department to ascertain the present address of defendants. On May 17, 1965, plaintiffs’ counsel received a reply from the Motor Vehicles Department stating there was no record in 1965 of any registration in either name.
CPLR 308 (subd. [4]) has no antecedent in the Civil Practice Act. The purpose of it is to give the court discretion where no other method of service under CPLR 308 (subds. [1], [2], [3]) is available. The method devised by the court must be reasonably calculated to give the defendant notice of the action and an opportunity to be heard (see Totero v. World Tel. Corp., 41 Misc 2d 594; Practice Commentary by Professor Joseph M. McLaughlin, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 308, p. 475).
In Dobbin v. Chapman (25 A D 2d 745 [2d Dept.], affg. 46 Misc 2d 260) the Appellate Division held that process directed to be served at the same address given by the party who was a driver involved in an automobile accident does not violate the due process clause.
In Polansky v. Paugh (23 A D 2d 643) the Appellate Division, First Department, held that service made pursuant to CPLR 308 (subd. [3]) by mailing to an address where the plaintiff knew that the defendant did not reside did violate due process. However, in the Polanshy case, service was attempted only under CPLR 308 (subd. [3]) with no other mode of service. In the case now before me, notice of this action was given to the insurance carrier for the movant. Both modes of service satisfy the due process clause (see Keller v. Rappoport, N. Y. L. J., Feb. 24.1966, p. 19, col, 5). In Dobbin v. Chapman (supra) Justice Rabin in his dissent noted that the parents of defendants lived at the Pennsylvania address and that they told the Sheriff that they had not heard from defendants for four years. Therefore, in the Dobbin case, it appears that service by ordinary mail was made at the last known residence address where plaintiff’s counsel was aware that defendants did not actually live. *652 Furthermore, it is noted in'passing that the movant apparently received notice of this action, since she has .submitted an affidavit and has authorized her insurer to retain counsel to appear for her on this motion (cf. Goldenthal v. Terry, 44 Misc 2d 851, 853).
Under all the facts and circumstances herein, I find that service pursuant to the order of Judge Blangiardo dated October 8, 1965 was reasonably calculated to give notice to the movant and therefore the due process clause of the United States Constitution has not been violated. Accordingly, the motion is denied.