Bernard S. Meyer, J.
This motion to vacate service of summons and complaint by substituted service, vacate the judgment entered on such service and dismiss the complaint for lack of jurisdiction over defendant’s person is in all respects granted. The ex parte application by plaintiff for a nunc pro tunc order pursuant to CPLE 308 (subd. 4) is denied. The affidavit of J. Norman Steinruck, Jr., which plaintiff has not sought to controvert by any affidavit of his process server or anyone else, conclusively demonstrates that defendant did not reside at the G-len Head address at the time the process server swore he attempted service and spoke to defendant’s wife, and that defendant had not resided there for at least two months prior thereto. That plaintiff may not have been aware of the process server’s perjury is no basis for according legal significance through a nunc pro tune order to his wholly unauthorized act in “mailing and nailing” the summons and complaint to an address at which defendant did not reside. Eather process servers should be discouraged from “ sewer service ”, and attorneys from employing process servers who cannot be trusted to perform the acts they swear they do, by refusing to accord any significance to acts performed by them without the factual basis which the law requires. A further reason for denial of the requested ex parte order exists in the fact that plaintiff’s papers do not in fact demonstrate that at the time substituted service was made, personal service could not have been made with due diligence, and therefore do not show that at that time service under CPLE 308 (subds. 1, 2, 3) was impracticable.
*96 There may well be a basis for maintaining the action in New York, for the separation agreement was apparently entered into in New York (Longines-Wittnauer v. Barnes & Reinecke, 15 N Y 2d 443), and service upon a nondomiciliary may be made in the same manner as upon a domiciliary (Dobkin v. Chapman, 25 A D 2d 745). Plaintiff may seek authorization under CPLB 3102 (subd. [c]) to examine Sylvia Siff to ascertain defendant’s present whereabouts (Matter of Kaufman, 143 N. Y. S. 2d 853) and may perhaps have a right to examine defendant’s present attorney concerning his address (see Matter of Kaplan [Blumenfeld], 8 N Y 2d 214; People ex rel. Vogelstein v. Warden of County Jail, 150 Misc. 714, affd. 242 App. Div. 611). If defendant’s present address cannot be obtained in that fashion, the basis for a CPLB 308 (subd. 4) order authorizing service on defendant’s present attorney will have been laid, for there clearly is contact between defendant and his attorney and service on the attorney will conform to the requirements of due process. Dismissal of the complaint is, therefore, without prejudice.
A copy of this memorandum is being forwarded to the District Attorney of Nassau County and to the Attorney-Leneral of the State of New York for such action as either or both may deem proper in the circumstances.