Jacob Ark, J.
This is a motion for an order to set aside the service of a summons in an action arising out of an automobile accident, on the ground that the court has not jurisdiction of the defendant (CPLB 3211, subd. [a], par. 8). The jurisdictional question was raised in the defendant’s answer and it does not appear that the defendant has moved on any of the other grounds set forth in subdivision (a) of said section.
This court by order dated December 9, 1964 under CPLB 308 (subd. 4) permitted the.service of the summons and complaint on the defendant by the mailing of a copy thereof to his automobile liability insurance carrier, the Boyal Globe Insurance Company at Bochester, New York, and the Secretary of State.
*5 Service was made pursuant to the order which was based upon the statement that the defendant at the time of the accident was a resident of the City of Rochester, New York, living at 434 Joseph Avenue which has been torn down, that the whereabouts of the defendant were unknown and it was impossible to serve the defendant under CPLR 308 (subds. 1, 2, 3). It was also stated:11 That at the time of said accident, defendant was insured with the Royal Globe Insurance Companies, and he has been informed and believes that even defendant’s own automobile liability insurance carrier does not know defendant’s present address or whereabouts. ’ ’
The propriety of an order under CPLR 308 (subd. 4) is determined on the basis of meeting the test of service of process set forth in Milliken v. Meyer (311 U. S. 457, 463, rehearing den. 312 U. S. 712) where it was held: “ Its adequacy so far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard.”
In view of the statement of plaintiff’s counsel as to the lack of knowledge of the whereabouts of the defendant on the part of the insurance company, it is difficult to see how service upon it is reasonably calculated to give the defendant the required notice. Furthermore, for whatever value it might have, the affidavit of movant’s counsel states that he is of the belief that the defendant received no notification of any nature of the pending lawsuit against him.
The court has reviewed the authorities cited by the plaintiff and each is distinguishable from the instant case.
In Sellars v. Raye (45 Misc 2d 859, affd. 25 A D 2d 757) mail was returned and order was made for service by publication; Dobkin v. Chapman (46 Misc 2d 260, affd. 25 A D 2d 745) and Van Dunk v. Lazrovitch (50 Misc 2d 649), mail sent to defendants’ address was not returned; Seider v. Roth (17 N Y 2d 111) and Matter of Riggle (11 N Y 2d 73), attachment of insurer’s obligation under policy, and Oltarsh v. Aetna Ins. Co. (15 N Y 2d 111), injuries sustained in Puerto Rico which has a direct action statute.
Service of the summons upon the Secretary of State without mailing is ineffectual. The papers before the court are silent with respect to any mailing of any nature at any time to the defendant. The fact that the defendant’s residence was demolished does not necessarily mean that mail addressed to him at the given address might not have been forwarded to the defendant by the postal authorities to any new address.
*6 Inability to effect service under CPLB. 308 (subds. 1, 2, 3) does not necessarily mandate an order under subdivision 4. Broad as the power of the court might be under this last subdivision, any order made thereunder must meet the criteria of due process. The papers do not show that the service provided for in the order is reasonably calculated to give the defendant the required notice.
In Winterstein v. Pollard (50 Misc 2d 354), cited by the defendant, the court denied an application to serve the defendant’s insurance carrier as there was no “ showing of the actual relationship between the insurer and insured, therefore, it cannot be said that notice to the insurer is reasonably calculated to give notice to the defendant.” (p. 355.) The court also said (pp. 355-356): “ The situation would be simplified by legislation constituting the insurance carrier agent of the insured for the service of process with respect to any accident occurring while the policy was in force. Short of such legislation, however, or facts evidencing (1) that the insurer is in contact with the insured and (2) that service under subdivisions (1) or (3) of CPLB 308 is impracticable, there is no basis for such an order.”
Upon the plaintiff’s own papers it is clear that the service provided for in the order was not reasonably calculated to give notice to the defendant.
The plaintiff claims that the motion was not brought on until after the Statute of Limitations expired and further, that the defendant’s remedy was an appeal from the order made herein by Mr. Justice Briscoe who dismissed a previous motion for similar relief. These are without merit, as there is no limitation as to when a motion of this nature can be made before trial (the certificate of readiness was not filed by plaintiff until after the statute expired) and the prior motion was dismissed without prejudice. Motion granted.