Mildred **DOLGOW**, Benjamin Dolgow, Sarah Fischer and Reuben Isaacson, on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

Dillon **ANDERSON** et al., Defendants.

No. 66 Civ. 1057.

United States District Court
E. D. New York.
Aug. 24, 1967.

Avrom S. Fischer, Brooklyn, N. Y., for plaintiffs.

Sullivan & Cromwell, New York City, for defendants H. Harold Bible and others.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Plaintiffs bring this class action alleging that officers and other insiders of the defendant corporation deliberately misstated the prospects of the corporation in order to drive up the price of its shares at a time when some of the individual defendants were selling their stock in the corporation. The corporation is one of the world's largest producers of chemical synthetic fibres, with assets and sales of hundreds of millions of dollars, and almost 100,000 shareholders; its more than 30,000,000 shares of stock are traded on the New York Stock Exchange. The individual defendants are officers, directors, and large shareholders. The plaintiffs each own a few shares of the corporation's common stock.

Preliminary procedural skirmishes between the corporation and the plaintiffs have already involved applications to six judges of this Court. There are already sixty-one docket entries and massive court files.

The opening shot of the individual defendants is this motion to dismiss the action against them on the ground that they were not properly served. They rely on mimeographed affidavits which are identical except that each moving defendant has inserted his address and relevant dates in appropriate spaces.

These affidavits indicate that the main office of the corporation is in St. Louis. The individual defendants live in and around that city. A copy of the summons and complaint directed to each defendant was delivered by hand to an employee at the substantial office of the corporation in New York. A copy was also mailed to each defendant at his home.

Each defendant acknowledges receipt of the summons and complaint. None contends that such service was not reasonably calculated to give notice and an opportunity to be heard. Nor do any assert that there was no basis, under the New York law, for service in Missouri. They claim only that the form of service was incorrect. The submission of the individual defendants is that a copy of the summons and complaint should have been personally handed to each of them in Missouri, where they were then present. Since this was not done, they conclude that the complaint should, as to them, be dismissed.

Defendants are quite right that, pursuant to subdivisions (e) and (f) of rule 4 of the Federal Rules of Civil Procedure, they should have been served in accordance with the New York practice. 2 Moore, Federal Practice, ¶ 4.42 [2]. Under New York CPLR 313, service without the state, in order to give personal jurisdiction, must be made, in the language of this provision, "in the same manner as service is made within the state." Within the state, CPLR 308 provides, the preferred method of serving a summons is by hand delivery to the defendant. See CPLR 308(1). New York courts may, however, order that service be made "in such manner as the court * * * directs," if the court finds that the specified modes of service under the CPLR are "impracticable." CPLR 308 (4).

Plaintiffs contend that personal delivery was "impracticable" because (1) the process server attempted unsuccessfully to locate the defendants in New York and (2) hand delivery in Missouri would cost $120.00. Payment of this expense, plaintiffs claim, would constitute a substantial burden on them.

■ Typically, in a case such as this, where a corporation is publicly held and the officers and directors receive very large salaries, fees, and other emoluments from it, arrangements are made by their attorneys to accept service. This prac-

tice is understandable. Directors and officers are fiduciaries and one of their obligations is to account to shareholders. Where allegations are made—as they are here—of serious improprieties and corporate abuses, responsible defendants normally prefer to dispose of the charges on substantial procedural or substantive grounds rather than by attempting to avoid service of process.

Reducing unnecessary burdens of process is particularly important in class actions. One of the purposes of this procedural device is to make it possible for individuals with modest claims and resources to redress wrongs which would otherwise go unchallenged. The propriety of the instant action as a class action is being tested by separate motions. Until those motions are decided, the Court assumes that vindication of the rights of many persons depends upon plaintiffs' ability to carry this litigation forward.

 Under the circumstances, the Court finds that it was "impracticable" to serve the defendants by the means specifically provided in CPLR 308. The plaintiffs' opposition to the motion to dismiss is treated as a cross-motion for an order to permit service by delivery to a person of suitable age and discretion in the office of the corporation in New York and by mailing to each defendant at his home. CPLR 308(4); Dobkin v. Chapman, 25 A.D.2d 745, 269 N.Y.S.2d 49 (2d Dep't 1966); Van Dunk v. Lazrovitch, 50 Misc.2d 649, 270 N.Y.S.2d 803 (Civ. Ct.N.Y.C.1966).

In accordance with state practice, this order is intended to be, and is, effective as of the time of the filing of the summons and complaint. See Valz v. Sheepshead Bay Bungalow Corp., 249 N.Y. 122, 136, 163 N.E. 124 (1928), cert. denied, 278 U.S. 647, 49 S.Ct. 82, 73 L.Ed. 560 (1928) (*nunc pro tunc* order proper where court could have made same order earlier and no prejudice resulted); Meek v. Martin, 19 Misc.2d 649, 196 N.Y.S.2d 744 (Sup.Ct.1959) (leave of court to serve process on incompetent and his commit-

tee granted *nunc pro tunc*). Cf. Todd v. Todd, 51 Misc.2d 94, 272 N.Y.S.2d 455 (Sup.Ct.1966) (*nunc pro tunc* order denied where process server lied).

Since the defendants admit that the Court's directions have already been followed, the motion to dismiss the complaint is denied.

So ordered.