Mabshall E. Livingston, J.
This is a motion to set aside service of a summons and complaint, pursuant to CPLR 3211 (subd. [a], par. 8).
Service was made upon the defendant’s insurance carrier, the Hartford Insurance Group (Hartford), pursuant to the authority of an order of this court, as provided by subdivision 5 of CPLR 308.
Counsel argues that service upon Hartford was invalid and in violation of due process of law in that such service was not *543 reasonably calculated to give the defendant actual notice of the proceedings. The papers upon which the order directing service was granted indicate the defendant was long gone — it appears to be a “ hit-and-run ” case.
In 1968, before the enactment of subdivision 5 of CPLR 308, the Court of Appeals in Dobkin v. Chapman (21 N Y 2d 490) answered the moving party’s argument relating to due process and the like and held that substituted service pursuant to subdivision 4 of CPLR 308 upon MVAIC and two insurance carriers was valid.
Defendant cites Brodsky v. Spencer (53 Misc 2d 4 [1966]) in support of its position that the service upon Hartford in no way is reasonably calculated to give notice to the defendant. The court summarized its position, when it said (p. 5): “It is difficult to see how service upon it [the insurance company] is reasonably calculated to give the defendant the required notice ”.
But two years later the Court of Appeals in Dobkin v. Chapman (supra, p. 503) outlined several tests to determine whether due process has been satisfied. The court said:
“Undeniably, there are situations in which insistence on actual notice, or even on the high probability of actual notice, would be both unfair to plaintiffs and harmful to the public interest. (See Mullane v. Central Hanover Trust Co., 339 U. S. 306, 317, 319, supra.)
“ Of course * * * what might be inadequate notice in one kind of situation will amount to due process in another. In the cases before us, the plaintiff’s need, the public interest, the reasonableness of the plaintiff’s efforts under all the circumstances to inform the defendant, and the availability of other safeguards for the defendant’s interests are compellingly present.”
Applying these tests to the facts of this case, as ¡shown by the affidavits on this motion, it seems to me that plaintiff has substantially met the requirements of Dobkin (supra).
In addition, the affidavit of Mr. McNaney, the claims supervisor of Hartford, ¡states that ‘ they [Hartford] have in fact denied coverage to the defendant upon the grounds that he failed to file notice of the alleged accident and to assist and cooperate in connection therewith”. If this means that Hartford has disclaimed, then it has no standing to bring this motion (see Atomic Development & Mach. Corp. v. De Stefano, 55 Misc 2d 210, affd. 29 A D 2d 935, app. dsmd. 22 N Y 2d 948).
Motion denied.