413 P.2d 861

**James KNIGHT and Elizabeth Knight, his wife, Appellants,**

v.

**Albert James MEWSZEL and Jane Doe Mewszel, his wife, Appellees.**

**No. 1 CA–CIV 136.**

Court of Appeals of Arizona.

May 9, 1966.

Stephen W. Connors, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, and Roger W. Kaufman, by James Moeller, Phoenix, for appellees.

CAMERON, Judge.

This is an appeal from an order setting aside a default judgment previously entered in favor of the plaintiffs and against the defendants.

We are called upon to determine whether service of process by publication upon a resident defendant in an automobile accident case is sufficient to confer jurisdiction upon the court to enter a personal money judgment against the defendant where diligent search has been made to locate and personally serve the defendant with process.

The facts necessary for a determination of this matter on appeal are as follows: On 22 April, 1964, a complaint for injuries sustained by plaintiff as a result of an automobile accident was filed in Maricopa County. The complaint alleged that the defendants were residents of Maricopa

County, State of Arizona. This information, plaintiffs state in their briefs, was based on information defendant, Albert James Mewszel, the driver of the car involved in the accident, gave to the police investigating the accident.

After a diligent search was made by a process server to locate the defendants, the plaintiffs filed, on 5 May, 1964, an affidavit of inability to locate the defendants in order to serve them. The plaintiffs then caused to be published in the Arizona Weekly Gazette for four successive weeks, a copy of the summons in this action. On 10 August, 1964, the default of the defendants was entered and on 24 September, 1964, judgment was entered against the defendants in the amount of $10,000 plus costs of suit.

On 4 November, 1964, defendants, through their attorneys, filed a motion in the court below to set aside said default judgment and to dismiss the complaint upon the grounds of insufficiency of service of process. The court below, upon hearing oral argument on the matter, ordered that:

"The default and default judgment heretofore entered in favor of plaintiffs and against defendants be in the same or hereby vacated."

The order setting aside the default judgment is appealable as a special order made after final judgment within the meaning of the statutes, Bateman v. McDonald, 94 Ariz. 327, 385 P.2d 208 (1963), and may be distinguished from Searles v. Haldiman, 3 Ariz.App. 294, 413 P.2d 860, filed this day, wherein the order setting aside an entry of default, but before judgment, was held not to be an appealable order.

Rule 4(e) (1) of the Rules of Civil Procedure, 16 A.R.S., provides as follows:

"Summons: alternative methods of service

"When a defendant is a non-resident of the state, or is absent from the state, or is a transient person, or is one whose residence is unknown to the party, * * or is concealing himself to avoid service of summons, a summons shall be issued as in other cases and service may be made in accordance with Sections 4(e) (2) or 4 (e) (3) of this Rule. The methods of service herein provided shall be applicable for the assertion of any claim by way of a cross-claim, third party claim or other appropriate pleading against any party who has not appeared in the action and shall be in addition to and not exclusive of any other means of service which may be provided by statute or rule."

Rule 4(e) (3):

"Summons: service by publication

"Where by law *personal service is not required,* and a person is subject to service under Section 4(e) (1), such service may be made by either of the methods set forth in Section 4(e) (2) or by publication. * * *" (Emphasis ours.)

Our Supreme Court has stated in connection with the affidavit:

"It is not the allegation that the residence is unknown which confers jurisdiction upon service by publication but the existence of the jurisdictional fact that the residence is unknown. Lown v. Miranda, 34 Ariz. 32, 267 P. 418: 'The general statute providing for service of summons by publication requires an affidavit, of the party seeking to obtain such service, to the effect that defendant is a non-resident of, or absent from, the state, or that he is a transient person, or that his residence is unknown to affiant, or that he conceals himself. (citations) Precedent to the right to have constructive service under this statute, the existence of certain facts must be shown, and hence the fact and mode of establishing it is jurisdictional.' Regardless of whether the affidavit must recite a showing of due diligence, such diligence as a fact is prerequisite to the jurisdiction of the court." Preston v. Denkins, 94 Ariz. 214 at 222, 382 P.2d 686, at 691 (1963).

Our Supreme Court has also held that the court had the authority to adopt Rule 4 (e) (2), Heat Pump Equipment Company

v. Glen Alden Corporation, 93 Ariz. 361, 380 P.2d 1016 (1963).

 In the instant case, the plaintiffs are attempting to obtain a money judgment against the defendants. This would be an *in personam* judgment and the action against the defendants in this case is an *in personam* action. The trend is away from reliance upon the distinctions between an *in personam*, *in rem* and *quasi in rem* action as developed from the decision of Pennoyer v. Neff, 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565 (1877), and towards a "minimum contacts" approach to the matter (see Bekins v. Huish, 1 Ariz.App. 258, 401 P.2d 743 [1965] for an extended discussion of this subject). We feel by whatever theory we apply, that the defendants in the instant action are entitled to some form of service of process before a judgment may be obtained against them.

 It is the contention of the appellants that the right of a tort feasor to personal in-hand service of process carries with it the obligation to be available for such service of process, or to put it conversely, not to secrete himself so that he cannot be given personal in-hand service of process. Appellant cites no cases for this position, and we have not found any. We can only point out that the rules relied upon by appellant allow service by publication "where by law personal service is not required", and we do not feel that the law in the instant case does away with the necessity of personal service before a transitory money judgment can be obtained against the defendants. For that reason we believe and therefore hold that the lower court did not have the necessary jurisdiction to enter judgment against the defendants in the matter.

It is noted that the court below did not dismiss the complaint, and it should be understood that nothing we say here would prevent the plaintiffs, after proper discovery proceedings, from legally serving the defendants and proceeding to trial on the merits of the case or prevent the defendants from raising such other legal issues as may be appropriate.

The judgment is affirmed.

STEVENS, C. J., and PORTER MURRY, Judge of Superior Court, concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter, Judge PORTER MURRY was called to sit in his stead and participate in the determination of this decision.