424 P.2d 178

**Elizabeth TICEY and Preston Jackson,
Appellants,**

v.

**Billy RANDOLPH and Bonnie Randolph,
husband and wife, Appellees.**

**No. 2 CA–CIV 341.**

Court of Appeals of Arizona.

Feb. 21, 1967.

Rehearing Denied March 17, 1967.

Review Denied April 11, 1967.

Chandler, Tullar, Udall & Richmond, by Jack Redhair, Tucson, for appellants.

Cox & Johnson, by Thomas E. Johnson, Jr., Eloy, for appellees.

MOLLOY, Judge.

This is an appeal from an order refusing to set aside a judgment against the appellants, Elizabeth Ticey and Preston Jackson. The judgment was by default in the amount of $124,092.19 and is predicated upon the alleged negligence of the defendants in the operation of a motor vehicle in Pinal County, Arizona.

Service of process was attempted upon the defendants in several ways, but the order below is now defended on appeal only on the basis of service by publication in pursuance of Rule.4(e) (3), Rules of Civil Procedure, 16 A.R.S., which reads:

"4(e) (3) Summons: service by publication. *Where by law personal service is not required, and a person is subject to service under Section 4(e) (1),* such service may be made by either of the methods set forth in Section 4(e) (2) or by publication. Service by publication shall be made by publication of the summons in a newspaper published in the county where the action is pending, and if no newspaper is published in such county, then in a newspaper published in an adjoining county, at least once a week for four successive weeks and the service shall be complete thirty days after the first publication. When the residence of the defendant is known, the party shall on or before the date of the first

publication mail a copy of the summons and complaint, postage prepaid, directed to the defendant at his place of abode. *The plaintiff shall file an affidavit showing the publication and mailing and the circumstances warranting the utilization of the procedure under Section 4(e) (1)* which shall be prima facie evidence of compliance herewith, and if the residence is unknown, the affidavit shall so state." (Emphasis added) Rule 4(e) (3), Rules of Civil Procedure.

To be "subject to service under Section 4(e) (1)," insofar as pertinent here, a defendant must be (1) "a non-resident of the state," or (2) "absent from the state," or (3) "a transient person," or (4) "one whose residence is unknown to the party," or (5) one who "is concealing himself to avoid service of summons." Rule 4(e) (1), Rules of Civil Procedure.

The affidavits filed in this action to warrant the utilization of service by publication indicated, as to the defendant Ticey, that she is:

"a resident of the State of Arizona, but who is: (a) absent from the state; or (b) in concealment to avoid service of process."

As to the defendant Jackson, the affidavit of service showed that he is:

"a person whose residence is unknown to affiant, although affiant has exercised due diligence to ascertain the residence of said person in the following manner, to-wit:

"Mailing a copy of the Summons and Complaint to the last known address of Preston Jackson by Registered Mail, Named Addressee only, Return Receipt requested, and the envelope was returned marked 'Address unknown'. Returned envelope is attached hereto."

The judgment is not defended on the basis of its being valid only as to particular property within the jurisdiction of the court; if the judgment is valid at all it is as a judgment traditionally known as an *in personam* judgment.

In Knight v. Mewszel, 3 Ariz.App. 295, 413 P.2d 861 (1966), this court held that Rule 4(e) (3), by its express terms, applies only "[w]here by law personal service is not required," and that in order to secure "a transitory money judgment," "personal service" in contrast to service by publication under this rule was an indispensable prerequisite.

The appellants argue that this decision should be overruled upon a consideration of two recent decisions: Dobkin v. Chapman, 25 A.D.2d 745, 269 N.Y.S.2d 49 (1966); and Harrison v. Hanvey, 265 N.C. 243, 143 S.E. 2d 593 (1965).

We find nothing in these opinions to incline us to override the *Knight* decision.

The *Dobkin* decision holds that after all other methods of service have been tried unsuccessfully and after a special court order directing that service may be had by ordinary mail, which order was authorized by pertinent rule, an out-of-state domiciliary who had injured the plaintiff in New York could be served in Pennsylvania by ordinary mail under New York's single-act statute. We have no comparable rules of procedure and the case is thus not in point.

The *Harrison* decision indicates, by dicta, that a *resident* of the state who absconds to avoid service of process can be served under the North Carolina[1] statute permitting service by publication under these circumstances. The *holding* of the case, however, is that the affidavit of service did not show compliance with the service statute in that the affidavit was to the effect that the defendant *either* was a resident who had departed the state *or* was a resident concealing himself to avoid service, while the statute, as interpreted by the court did not permit service by publication on a resident who had

1. General Statutes of North Carolina, § 1-98.2(6) authorizes service by publication:

"Where the defendant, a resident of this State, has departed therefrom or keeps himself concealed therein with intent to defraud his creditors or to avoid the service of summons."

"departed" unless such departure was for the purpose of avoiding service. The court in so construing an ambiguous statute said:

"Service of process by publication is in derogation of the common law. Statutes authorizing it, therefore, are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute." 143 S.E.2d at 596–597.

Our Supreme Court has indicated the rules pertaining to service of process should be "strictly" complied with or construed. D. W. Onan & Sons v. Superior Court, 65 Ariz. 255, 265, 179 P.2d 243 (1947); Biaett v. Phoenix Title & Trust Co., 70 Ariz. 164, 169, 217 P.2d 923, 22 A.L.R.2d 615 (1950).

It is the appellees' contention that if "minimum contacts" exist between the defendant and the state of the forum, "personal service" is not required, reliance being taken on International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). This is true, in one sense of the words "personal service." But such an interpretation would permit a service by publication under this rule any time there were "minimum contacts" and the defendant were a non-resident or any of the other types of defendants specified in Rule 4(e) (1).

This would mean that service by publication could be had under circumstances not permitting service by registered mail or personal service out of the state; for, in order to serve by these latter two methods, not only must one of the requirements of Rule 4(e) (1) be met, but the defendant must either be (1) a resident of this state, or (2) a corporation "doing business" in this state, or (3) a person or corporation which has caused an event to occur in this state out of which the claim which is the subject of the complaint arose. Rule 4(e) (2).

■ It seems much more reasonable that the critical words in Rule 4(e) (3) intend to limit the use of service by publication to actions traditionally denominated *in rem* or *quasi in rem* actions. The drafters of this rule may have had in mind the words of Justice Jackson:

"Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 658, 94 L.Ed. 865 (1950).

■ We concur in appellees' complaint that there is a gap in our service of process procedures in *"in personam"* actions as to defendants intentionally avoiding service of process, when such avoidance goes to the extent of concealing one's place of abode and whereabouts, thus frustrating all methods of service provided by our rules. However, we believe that if this defect is to be remedied it must be by a revision of the rules.

■■ Appellees further argue that this service is validated by the fact that counsel for other defendants to this action were "obligated to protect the interests"[2] of the defendants Ticey and Jackson when service was attempted and default taken as to these defendants. No authority is cited to support this argument. That counsel are under obligation to defend a client does not, in the opinion of this court, authorize service of process upon the lawyer nor render unnecessary service of process on the client. See 72 C.J.S. Process § 31, p. 1034.

The judgment of February 1, 1965, in the subject action against the defendants Ticey and Jackson is vacated for lack of jurisdiction over the persons of said defendants; the order denying motion to vacate said default judgment is reversed.

HATHAWAY, C. J., and KRUCKER, J., concur.

---

2. Quote is from the affidavit of Robert S. Tullar which is attached to the motion to vacate default judgment.