697 P.2d 690

**MERVYN'S INC., Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, Barry G. Silverman, Judge of the Superior Court, Sandra L. Huston and Kenneth E. Huston, Real Parties In Interest, and Valley National Bank, Respondents.**

No. 17773–SA.

Supreme Court of Arizona, In Banc.

March 28, 1985.

---

Jerold Kaplan, Phoenix, for petitioner.

Gust, Rosenfeld, Divelbess & Henderson by James B. Wright, Phoenix, for respondents.

GORDON, Vice Chief Justice:

Petitioner brings this special action challenging the order of the respondent trial judge denying its motion for judgment against garnishee-defendant. We accepted jurisdiction under Ariz. Const. art. 6 § 5 because petitioner has no equally plain, speedy, and adequate remedy by appeal. One issue is presented: where a joint bank account is being subjected to garnishment based on a judgment against only one of the joint owners, must the other non-debtor joint owner who is joined in the garnishment proceeding pursuant to A.R.S. § 12–

1595(C) be notified of his joinder in the proceedings by personal service, or is service by publication permitted? [1]

Mervyn's Inc. obtained a judgment against Sandra L. Huston for $341.54. About one month later, a Writ of Garnishment was issued to Valley National Bank (garnishee-bank) where she had an account. The garnishee-bank answered that it had a joint account in the name of Kenneth E. Huston or Sandra L. Huston containing funds sufficient to cover the garnishment. There was no judgment in favor of Mervyn's against Kenneth Huston, and, therefore, Mervyn's moved to join him as a party defendant pursuant to A.R.S. § 12–1595(C), which requires that "the court join all persons who appear to have an interest in the bank account in addition to the defendant as reflected by the answer of the garnishee * * * " The court granted Mervyn's motion. Accordingly, Mervyn's attempted to serve Kenneth Huston personally with the order of joinder but was unable to effectuate such service. Mervyn's, therefore, attempted to give notice to Kenneth Huston by service by publication pursuant to Rule 4(e)(1), Ariz.R.Civ.P., 16 A.R.S. After this service had been completed, however, the court refused to sign the judgment against the garnishee bank because the order joining Kenneth Huston was never personally served upon him.

▮ To determine the service required to join a party defendant who may have an interest in a garnished bank account, we first look to the garnishment statute concerning the garnishment of joint bank accounts, namely, A.R.S. § 12–1595. Since garnishment is a creature of statute, any service prescribed by the statute must be strictly followed. See *State v. Allred*, 102 Ariz. 102, 425 P.2d 572 (1967); *Patrick v.*

*Associated Drygoods Corp.*, 20 Ariz.App. 6, 509 P.2d 1043 (1973). The relevant parts of § 12–1595 read:

**12–1595. Garnishment of bank account in names of two or more persons; bond of plaintiff**

"**A.** A bank deposit made in the names of two or more persons shall be subject to garnishment.

\*   \*   \*   \*   \*   \*

"**C.** The answer of the garnishee, in such case, shall state under oath the names of all persons who appear from the business records of the garnishee to have an interest in the bank account in addition to the defendant. Upon the filing of the answer the court shall join all persons who appear to have an interest in the bank account in addition to the defendant, as reflected by the answer of garnishee, and shall proceed to a determination of the interest of the defendant therein." [2]

Subsection C of § 12–1595 requires the court to join all persons who have an ownership interest in a joint bank account. Subsection C, however, does not specify any particular mode of service required to join such interested parties.

As there is no method of service specified in the statute, we next look to the rules relating to service in our Rules of Civil Procedure. Rule 4(e)(1), Ariz.R. Civ.P., 16 A.R.S., specifies the modes of service permitted when defendant is absent from the state or his residence is unknown.

"**4(e)(1) Summons: alternative methods of service.** When a defendant is a non-resident of the state, or is absent from the state, or is a transient person, or is one whose residence is unknown to

---

**1.** We express no opinion in this case on whether the minimum contacts requirements of due process have been satisfied. We are merely dealing with the notice required to be given defendant.

**2.** This statute was designed to protect garnishee banks when faced with garnishment affecting interests held in joint accounts. *Valley Nat'l Bank v. Brown*, 110 Ariz. 260, 517 P.2d 1256 (1974). *See also* Note, *The Duties of a Garnishee*

*Bank*, 16 Ariz.L.Rev. 534 (1974). By complying with the procedures set forth in § 12–1595 the bank can avoid liability to one of the joint owners of the joint account or the garnishing creditor. For example, subsection B of 12–1595 directs the bank to notify each person listed on the business records of the bank as having an interest in the account concerning the garnishment proceedings.

the party, or is a corporation incorporated under the laws of any other state or foreign country which has no legally appointed and constituted agent in this state, or is concealing himself to avoid service of summons, a summons shall be issued as in other cases and service may be made in accordance with Sections 4(e)(2) or 4(e)(3) of this Rule. The methods of service herein provided shall be applicable for the assertion of any claim by way of a cross-claim, third party claim or other appropriate pleading against any party who has not appeared in the action and shall be in addition to and not exclusive of any other means of service which may be provided by statute or rule."

This rule authorizes service by publication under rule 4(e)(3) upon a defendant whose residence is unknown. Rule 4(e)(3) provides:

"**4(e)(3) Summons: service by publication.** *Where by law personal service is not required,* and a person is subject to service under Section 4(e)(1), such service may be made by either of the methods set forth in Section 4(e)(2) or by publication. Service by publication shall be made by publication of the summons in a newspaper published in the county where the action is pending, and if no newspaper is published in such county, then in a newspaper published in an adjoining county, at least once a week for four successive weeks and the service shall be complete thirty days after the first publication. When the residence of the defendant is known, the party shall on or before the date of the first publica-

tion mail a copy of the summons and complaint, postage prepaid, directed to the defendant at his place of abode. The plaintiff shall file an affidavit showing the publication and mailing and the circumstances warranting the utilization of the procedure under Section 4(e)(1) which shall be prima facie evidence of compliance herewith, and if the residence is unknown, the affidavit shall so state." (Emphasis added.)

As stated by the rule, service by publication is permitted if personal service is not required by law.

It is beyond question that any procedure which deprives an individual of a property interest must satisfy due process. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). Due process of law sets minimum notice requirements depending on the situation of the owner or interested party. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940). In Arizona, where the action is to obtain a money judgment against a defendant, traditionally termed an *in personam* judgment, personal service is required.[3] *Wells v. Valley Nat'l Bank,* 109 Ariz. 345, 509 P.2d 615 (1973). However, where the proceeding merely determines the ownership of property, traditionally called an *in rem* or *quasi in rem* proceeding, service by publication can be used and can satisfy due process minimum notice requirements.[4] *Ticey v. Randolph,* 5 Ariz.App. 136, 424 P.2d 178 (1967); *see also Mullane v. Central Hano-*

---

**3.** While we recognize that there is no mechanical rule for determining what process is due, *see Schroeder v. New York,* 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962), and that the distinction between *in rem* and *in personam* actions cannot be mechanically used to determine the notice required in each case, such distinctions are useful for determining minimum notice requirements in Arizona.

**4.** We are assuming here, as the facts indicate in this case, that defendant does not reside in Arizona and that his address is not ascertainable. Notice by publication is permitted in *quasi in*

*rem* and *in rem* proceedings where the party's address is unknown. However, where the address or whereabouts of the person interested in the proceeding can be discovered by obvious and simple means, service by publication is invalid. *Schroeder v. City of New York, supra; Wells v. Valley Nat'l Bank of Arizona, supra; Laz v. Southwestern Land Co.,* 97 Ariz. 69, 397 P.2d 52 (1964). Due process requires that notice be reasonably calculated under the circumstances to apprise interested parties of the action. *Mullane v. Central Hanover Bank & Trust Co., supra; Milliken v. Meyer, supra.*

*ver Bank & Trust Co., supra* (notice publication valid if no other practical means); *Brunell Leasing Corp. v. Wilkins,* 11 Ariz. App. 165, 462 P.2d 858 (1969) (notice by publication constitutionally permitted in proceedings *in rem.*)

In this state, garnishment proceedings have long been described as *quasi in rem. First Nat'l Bank & Trust Co. v. Pomona Machinery Co.,* 107 Ariz. 286, 486 P.2d 184 (1971); *see Hook v. Hoffman,* 16 Ariz. 540, 147 P. 722 (1915). *Hook* recognizes that where the ownership of property is the subject of the proceedings, such proceedings are *in rem* or *quasi in rem:*

"While, properly speaking, actions or proceedings *in rem* are against the thing itself, and for the purpose of disposing thereof without reference to the title of particular claimants, the term has in a larger and broader sense been applied to certain actions and proceedings between parties, where the object is to reach and dispose of property owned by them or in which they have an interest; but, as these are not strictly *in rem,* they have frequently and more properly been termed *quasi in rem,* or in the nature of actions or proceedings *in rem.*" (Citations omitted.)

16 Ariz. at 557, 147 P. at 729.

 In the case at bar, the proceeding will determine the respective ownership interest of the joint owners, Sandra and Kenneth Huston, in the joint bank account. The proceeding will not result in a judgment personally against Kenneth Huston. Thus, we find this proceeding to be a *quasi in rem* proceeding. Service by publication

is permitted by law to serve a party defendant joined under A.R.S. § 12–1595.[5]

The trial court relied on *Price v. Sunmaster,* 27 Ariz.App. 771, 558 P.2d 966 (1976), for its conclusion that "service by publication is insufficient to give [Kenneth Huston] notice and an opportunity to be heard." *Price,* however, is distinguishable from the instant case. In *Price* the court held that because the complaint failed to state a claim for a lien foreclosure, it merely stated a claim for money owed to plaintiffs for labor and materials. Thus plaintiff's action sought recovery of a money judgment, a personal judgment, which was an *in personam* action. Since plaintiff's action in *Price* was *in personam,* attempted service by publication was insufficient. *Wells v. Valley Nat'l Bank, supra.* Consequently, *Price* represents no bar to service by publication in *quasi in rem* cases.

The conclusion reached by the trial court that the service by publication was improper under A.R.S. § 12–1595 was incorrect. If due process does not require a more reliable means, service by publication is permitted to join interested parties under § 12–1595(C).

Prayer for relief granted in part.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

5. While we determine that service by publication was a valid means to serve the party defendant, we do not decide whether such service was effectuated in this case. If the trial court finds that defendant was properly notified, it can then determine the ownership interest of the joint owners and then the court may award to the garnishor only that portion of the account owned by the debtor.