716 P.2d 79

**Ramon Parra SAUCEDO, Plaintiff/Appellant,**

v.

**Carl E. ENGELBRECHT and Continental National Assurance Policy No. AD 878 3821, Defendants/Appellees.**

**No. 2 CA–CIV 5537.**

Court of Appeals of Arizona, Division 2, Department B.

March 5, 1986.

Ramon R. Alvarez, P.C. by Ramon R. Alvarez, Douglas, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by Edwin M. Gaines, Jr., Tucson, for defendants/appellees.

## OPINION

LACAGNINA, Judge.

Ramon Parra Saucedo appeals from the dismissal of his complaint for injuries sustained in an automobile accident with a vehicle owned by defendant Cliff Corcoran and driven by defendant Carl E. Engelbrecht, and the discharge of defendant/garnishee Continental National Assurance (CNA) and the award of attorney's fees to CNA. The trial court found a lack of personal jurisdiction over Engelbrecht and insufficiency of service of process because Saucedo had served him by publication under Rule 4(e)(3), Rules of Civil Procedure, 16 A.R.S. The court further found that Saucedo had obtained jurisdiction over CNA, the defendant insurer, by effecting service of a writ of garnishment, but that at the time of service, CNA was not indebted to Engelbrect and had none of his property.

Saucedo argues that service by publication upon Engelbrecht conferred *in personam* jurisdiction because Saucedo showed due diligence in his attempts to locate and serve Engelbrecht personally, and CNA had prompt notice of the claim. He argues alternatively that service of a writ of garnishment upon CNA conferred *quasi in rem* jurisdiction to the extent of the policy limits. We hold that the service by publication conferred personal jurisdiction over Engelbrecht and reverse.

■ Service by publication is sufficient to confer *in personam* jurisdiction over an absent non-resident motorist if, after due diligence, he cannot be served personally, and if the insurer has notice of the suit. *Walker v. Dallas*, 146 Ariz. 440, 706 P.2d 1207 (1985). We see no constitutional distinction that would prohibit service by publication over a resident, where due diligence is exercised and he cannot be found. A finding of due diligence is a jurisdictional prerequisite. *Preston v. Denkins*, 94 Ariz. 214, 382 P.2d 686 (1963). We find Saucedo has met the above requirement of due diligence.

■ The process server/investigator executed an affidavit on return of service stating he had made a diligent effort for over eight months to locate Engelbrecht but had been unsuccessful. The affidavit was attached as an exhibit to Saucedo's motion for extension of time under Rule 6(f) (considered without objection by CNA), together with the following:

1. A letter from counsel for CNA asking for notice when service was made on "the permissive user, Engelbrecht ... personally or in some other manner so that we might answer on his behalf, as we will be so doing if informed."

2. A letter from Saucedo's counsel requesting information ⁻ on Engelbrecht's whereabouts and a response from CNA's counsel stating: "I do not have an address for Engelbrecht and I don't know where he resides ... [b]ecause of never even meeting Mr. Engelbrecht nor discussing any of these matters with him, I obviously cannot accept service for him. If I could or knew where he was, I would talk to him ... [I]f he is correctly served we will, of course enter a defense on his behalf."

3. A request for motor vehicle records on Engelbrecht and a computer printout indicating 207 13th Terrace, Bisbee, Arizona, as his present address, the same address as that of defendant Corcoran.

4. Exhibits F and G which are not included in the record on appeal, which disclose that at the suggestion of CNA's counsel, Saucedo's counsel requested specific authority from CNA for the process server/investigator to speak to Corcoran. The request was granted and the interview took place but produced no leads concerning Engelbrecht's whereabouts.

Saucedo did not merely allege unknown residence, but set forth in the record, with great detail, the efforts made *by both parties* to locate Engelbrecht. In addition, his diligence was proven by facts, not by hearsay, belief or legal conclusions. *See Llamas v. Superior Court*, 13 Ariz.App. 100, 474 P.2d 459 (1970).

In addition, Corcoran never came forward with any contradicting information concerning the whereabouts of Engelbrecht. *See Wells v. Valley National Bank of Arizona*, 109 Ariz. 345, 509 P.2d 615 (1973). Indeed, the record indicates Corcoran, through CNA's counsel, assisted greatly in making Saucedo's case for due diligence. Finally, CNA had notice of the legal action against Engelbrecht, confirmed by the above-quoted correspondence. *Dal-*

*las v. Walker, supra.* Because we hold the court had personal jurisdiction over Engelbrecht, we need not address the issue of whether *quasi in rem* jurisdiction was conferred by garnishment to the extent of the policy limits.

We reverse the dismissal of Saucedo's complaint against Engelbrecht.

LIVERMORE, P.J., and BIRDSALL, J., concur.