734 P.2d 1034

**SULLIVAN & BRUGNATELLI ADVERTISING COMPANY, INC., a New York corporation, Plaintiff-Appellant,**

**v.**

**CENTURY CAPITAL CORPORATION, an Arizona corporation, Defendant-Appellee.**

**No. 1 CA–CIV 8773.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 4, 1986.

Reconsideration Denied Feb. 2, 1987.

Review Denied April 1, 1987.

Friedman & Caldwell by Steven M. Friedman, Phoenix, for plaintiff-appellant.

Allen B. Rabkin, Scottsdale, and Stein & Stein by Henry M. Stein, Mesa, for defendant-appellee.

OPINION

MEYERSON, Presiding Judge.

Where a default judgment is entered against one of several defendants, is the judgment appealable in the absence of Rule 54(b) language? Because we answer this question in the negative, we must dismiss this appeal for lack of jurisdiction.

The facts are essentially undisputed. Plaintiff-appellant Sullivan & Brugnatelli Advertising Company, Inc. (Sullivan) filed suit to collect a debt against defendant-appellee Century Capital Corporation (Century) and co-defendant Zila Pharmaceuticals, Inc. (Zila). Zila is not a party to this appeal. Sullivan's attorney granted both defendants open extensions of time to answer the complaint, pending settlement negotiations. On June 14, 1985, Sullivan notified Century that it was terminating the open extension of time and that an answer must be filed within fifteen days or it would enter default against Century. Century failed to answer within the allotted time and default was entered on July 16, 1985. The trial court entered default judgment on August 15, 1985. Century filed a motion to set aside entry of default and default judgment. After a hearing, the trial court granted the motion. Sullivan then filed this appeal from the trial court's ruling.

Century contends that this court does not have jurisdiction for two reasons. First, Century contends that there is generally no right of appeal from an order setting aside a default judgment. Second, Century argues that the trial court failed to make a determination that there was no just reason for delay in the entry of the final judgment against it, as required by Rule 54(b), Arizona Rules of Civil Procedure. Without such a Rule 54(b) determination, argues Century, this court lacks appellate jurisdiction.

## I. ORDERS SETTING ASIDE DEFAULT JUDGMENTS

We first address Century's contention that there is no right of appeal from an order setting aside a default judgment. Century argues that the only right of review in such a case is by special action.

Sullivan argues that such orders are appealable according to *Bateman v. McDonald,* 94 Ariz. 327, 385 P.2d 208 (1963). Sullivan points out that there are two conflicting lines of authority on this question.

In *Bateman v. McDonald,* the Arizona Supreme Court held that an order setting aside a default judgment is a "special order made after final judgment" and is therefore appealable pursuant to A.R.S. §§ 12–2101(A), (C). 94 Ariz. at 329, 385 P.2d at 210. *See Hirsch v. National Van Lines, Inc.,* 136 Ariz. 304, 311, 666 P.2d 49, 56 (1983). In *Rueda v. Galvez,* 94 Ariz. 131, 382 P.2d 239 (1963), the same court held that an order setting aside an *entry of default* is not a special order made after final judgment and is therefore not appealable. 94 Ariz. at 133, 382 P.2d at 241.

Courts have consistently upheld the distinction between a default judgment and entry of default. *E.g., Richas v. Superior Court,* 133 Ariz. 512, 652 P.2d 1035 (1982) (order vacating entry of default is not appealable); *Borg-Warner Acceptance Corp. v. Globe Electric, Inc.,* 20 Ariz.App. 147, 510 P.2d 1052 (1973) (order setting aside entry of default is not appealable); *Hanen v. Willis,* 8 Ariz.App. 175, 444 P.2d 732 (1968) (order setting aside or refusing to vacate default judgment is a special order made after judgment and is appealable); *Knight v. Mewszel,* 3 Ariz.App. 295, 413 P.2d 861 (1966) (order setting aside a default judgment is appealable); *Searles v. Haldiman,* 3 Ariz.App. 294, 413 P.2d 860 (1966) (no jurisdiction to consider appeal from order granting or denying a motion to set aside an entry of default).

Despite this line of authority, Division Two of this court accepted jurisdiction of a special action in *Shemaitis v. Superior Court,* 114 Ariz. 288, 560 P.2d 806 (App. 1976), on the premise that it did not have jurisdiction to consider an appeal from a trial court's order setting aside a default judgment. Recently, Division Two again accepted special action jurisdiction to review a trial court order vacating a default judgment. *See Tarr v. Superior Court,* 142 Ariz. 371, 690 P.2d 90 (App.), *aff'd on other grounds,* 142 Ariz. 349, 690 P.2d 68

(1984). Relying only upon *Shemaitis v. Superior Court*, the court stated that the order was not appealable, again disregarding all prior authority. 142 Ariz. at 372, 690 P.2d at 91.

The supreme court granted review in *Tarr* on the limited issue of whether an answer filed after entry of default, but prior to default judgment, constituted an appearance. The supreme court affirmed Division Two's holding without directly addressing the question of appellate jurisdiction. *Tarr v. Superior Court*, 142 Ariz. 349, 690 P.2d 68 (1984). And, in *United Imports & Exports, Inc. v. Superior Court*, 134 Ariz. 43, 653 P.2d 691 (1982), the supreme court, noting that "the remedy by appeal is inadequate," accepted special action jurisdiction to review an order vacating a default judgment. *Id.* at 44, 653 P.2d at 692.

 We do not believe that the supreme court in *Tarr* or *United Imports & Exports* intended to overrule *Bateman v. McDonald* and its progeny. The *Tarr* holding does not specifically address the issue of appellate jurisdiction. The *United Imports & Exports* holding merely notes that the remedy by appeal is "inadequate," rather than unavailable. At best, the court's statement was dicta and not controlling as precedent. We therefore conclude that the law set forth in *Bateman v. McDonald* remains valid. An order setting aside, or refusing to set aside a default judgment, is appealable as a special order made after a judgment under A.R.S. § 12–2101(C).

## II. RULE 54(b)

 Despite our conclusion in Section I, *supra*, we nevertheless lack jurisdiction to consider the appeal because the order setting aside the default judgment was not a final judgment within the meaning of Rule 54(b). Rule 54(b) applies to default judgments. *Tarnoff v. Jones*, 15 Ariz.App. 88, 486 P.2d 200 (1971). When there are multiple defendants, as there were in this case, a default judgment against one defendant is not a final judgment in the absence of an express determination that there is no just reason for delay and an express direction for entry of judgment, as required by Rule 54(b). *Stevenson v. Celaya*, 10 Ariz.App. 203, 457 P.2d 743 (1969), *overruled in part*, *McHazlett v. Otis Eng. Corp.*, 133 Ariz. 530, 652 P.2d 1377 (1982).

The trial court in this case did not make the express finding required by Rule 54(b). The default judgment against only one defendant therefore is not a final judgment. Despite the appealability of the default judgment under the *Bateman* line of cases, we do not have jurisdiction in this case in the absence of a Rule 54(b) determination by the trial court. We must therefore dismiss this appeal. *Pulaski v. Perkins*, 127 Ariz. 216, 619 P.2d 488 (App. 1980).

Appeal dismissed.

SHELLEY and JACOBSON, JJ., concur.