744 P.2d 1

**Shirley SANDERS, Plaintiff/Appellant,**

**v.**

**Denton COBBLE and Letitia Cobble, husband and wife, Lawyers Title of Arizona, an Arizona corporation; Trust No. 7479–T, Lawyers Title of Arizona, Trustee, Defendants/Appellees.**

**No. CV 86–0568–PR.**

Supreme Court of Arizona,
In Banc.

Oct. 1, 1987.

Shirley Sanders, pro se.

Richard J. Michela, Tucson, for defendant/appellee Cobble.

Barrett L. Kime, Tucson, for defendant/appellee Lawyers Title.

CAMERON, Justice.

### I.

The trial court vacated a default judgment in favor of petitioner, Shirley Sanders. Petitioner appealed and the court of appeals dismissed. We granted review. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3), A.R.S. § 12–120.24 and Ariz.R.Civ.App.P. 23, 17A A.R.S.

### II.

We consider only the issue of the appealability of an order setting aside a default judgment.

### III.

Petitioner filed a complaint in Pima County Superior Court *in propria persona.* The defendants, Denton Cobble and Lawyers Title, were served with only the complaint. A summons was not served. After the failure of the defendants to file a response within the appropriate time, petitioner caused an "Entry of Default" to be taken against both Cobble and Lawyers Title. A default judgment for $141,000.00 was timely signed by Pima County Superior Court Commissioner Gordon S. Kipps.

Defendants moved to set aside the default judgment, and the Honorable Lillian Fisher, Judge of the Pima County Superior Court, found that the judgment was void because of the failure to serve a summons. The judgment and entry of default were set aside.

Petitioner appealed to division two of the court of appeals which, on motion of the defendants, dismissed petitioner's appeal. The court of appeals stated that the "order of the trial court vacating a default judgment ... is not appealable, *Tarr v. Superior Court in and for the County of Pima,* 142 Ariz. 371, 690 P.2d 90 (App.1984), Therefore, this appeal is dismissed." We granted review because we believe the court of appeals misstated the law.

### IV.

Defendants argue that an order vacating a default judgment is not appealable, citing

*Tarr v. Superior Court,* 142 Ariz. 371, 690 P.2d 90 (App.1984), *aff'd on other grounds,* 142 Ariz. 349, 690 P.2d 68 (1984). Defendants, therefore, argue that the appeal was properly dismissed. We do not agree.

In *Tarr v. Superior Court,* the court of appeals, division two, considered a petition for special action filed by a party against whom an order vacating a default judgment had been entered. The court of appeals stated:

> Petitioner brought this special action from an order of the trial court vacating a default judgment petitioner had obtained against the real parties in interest. Because the order is not appealable, *see Shemaitis v. Superior Court,* 114 Ariz. 288, 560 P.2d 806 (App.1976), and because we disagree with the majority opinion in *Anderson v. Wilson,* 140 Ariz. 64, 680 P.2d 200 (App.1984), we accept jurisdiction.

*Tarr,* 142 Ariz. at 372, 690 P.2d at 91. We granted review and, while ignoring the jurisdictional aspect of the right to appeal as stated by the court of appeals, approved the holding as to the issues raised in the petition for review. *Tarr v. Superior Court,* 142 Ariz. 349, 690 P.2d 68 (1984). We thus resolved a conflict between the two divisions of the court of appeals on the merits, but ignored the dicta in the opinion as to the appealability of an order vacating default judgment. This may have led the court of appeals to hold, in this case, that an order setting aside a default judgment is not appealable. We do not agree.

We first note that the court of appeals in *Tarr* relied upon *Shemaitis v. Superior Court,* 114 Ariz. 288, 560 P.2d 806 (App. 1976) (an opinion by division two of the court of appeals). *Shemaitis* is not applicable, however, to this case because the court of appeals addressed only the appealability of an order granting a motion to set aside an *entry of default,* not a motion to set aside a *default judgment.*

◼ We agree with petitioner that an order setting aside a default judgment is appealable as a special order made after judgment. A.R.S. § 12–2101; *Bateman v. McDonald,* 94 Ariz. 327, 385 P.2d 208 (1963); *Knight v. Mewszel,* 3 Ariz.App. 295, 413 P.2d 861 (1966). In *Bateman,* we looked to A.R.S. § 12–2101, the statute governing appeals. At that time, the statute provided:

A. An appeal may be taken from the superior court in the instances specified in this section.

\*　　\*　　\*　　\*　　\*　　\*

C. From any special order made after final judgment.

A.R.S. § 12–2101(A), (C).[1]

This court found persuasive the "long line of California cases" holding "that orders setting aside default judgments are appealable under the statute as being orders made after judgment." *Bateman,* 94 Ariz. at 329, 385 P.2d at 210.

As the court of appeals noted in *Knight, supra:*

> The order setting aside the default judgment is appealable as a special order made after final judgment within the meaning of the statutes, *Bateman v. McDonald,* 94 Ariz. 327, 385 P.2d 208 (1963), and may be distinguished from *Searles v. Haldiman,* 3 Ariz.App. 294, 413 P.2d 860 (1966), filed this day, wherein the order setting aside an entry of default, but before judgment was held not to be an appealable order.

3 Ariz.App. at 296, 413 P.2d at 862.

◼ There is a difference between an order setting aside a default judgment and an entry of default. An order setting aside a *default judgment* is appealable as a special order after judgment. *Bateman, supra; Sullivan & Brugnatelli Advertising*

---

1. Today, A.R.S. § 12–2101 has not changed substantially. The statute provides, in relevant part:

    A. An appeal may be taken to the court of appeals from the superior court in the instances specified in this section.

    \*　　\*　　\*　　\*　　\*　　\*

    C. From any special order made after final judgment.

Co. Inc. v. Century Capitol Corp., 153 Ariz. 78, 734 P.2d 1034 (App.1986); *Knight, supra; see also Hanen v. Willis*, 8 Ariz. App. 175, 444 P.2d 732 (1968) ("It is clear that an order setting aside or refusing to vacate default judgment is a special order made after judgment and is therefore appealable."). An order setting aside an *entry of default* is not appealable. *Richas v. Superior Court*, 133 Ariz. 512, 652 P.2d 1035 (1982); *Borg-Warner Acceptance Corp. v. Globe Electric, Inc.*, 20 Ariz.App. 147, 510 P.2d 1052 (1973); *Searles v. Haldiman*, 3 Ariz.App. 294, 413 P.2d 860 (1966).

The order of the court of appeals dismissing the appeal is vacated. This case is remanded to the court of appeals for proceedings consistent with this opinion.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN, J., concur.

NOTE: Justice JAMES MOELLER did not participate in the determination of this matter.