90 P.3d 1236

MASTER FINANCIAL, INC., Petitioner,

v.

The Honorable R. Jeffrey WOODBURN, Commissioner of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,

Michael L. Hillman, Real Party in Interest.

No. 1 CA–SA 04–0052.

Court of Appeals of Arizona, Division 1, Department C.

May 27, 2004.

As Amended June 7, 2004.

Miles, Bauer, Bergstrom & Winters, LLP
By Jeremy T. Bergstrom, Henderson, NV,
Attorneys for Petitioner.

GARBARINO, Judge.

¶ 1 We hold that a plaintiff pursuing a money judgment against a defendant whose residence is unknown but whose last known residence was within the state, or who has avoided service, can serve the defendant by publication in accordance with the requirements of Rule 4.1(n) of the Arizona Rules of Civil Procedure.

¶ 2 Petitioner Master Financial, Inc. (MFI) seeks special action relief from the denial of its motion for default judgment.[1] MFI argues that the trial court erred by concluding that money judgments were not available in cases where service was effectuated by publication, except in cases involving absent motorists. Specifically, MFI contends that Rule 4.1(n) does not require personal service to obtain a money judgment against Hillman. For the following reasons, we accept jurisdiction and grant relief.

### FACTUAL AND PROCEDURAL HISTORY

¶ 3 This special action arises from a civil action brought by MFI against Hillman seeking recovery of monetary damages resulting from a default and a breach of a promissory note. MFI attempted personal service upon Hillman on five separate occasions between December 2002 and January 2003 at Hillman's last known address in Phoenix, Arizona. After concluding that personal service was not possible, MFI obtained an order from the trial court authorizing service by publication. *See* Ariz. R. Civ. P. 4.1(n).

¶ 4 After the time for filing a responsive pleading had expired, MFI filed an application for entry of default with the clerk of the court. *See* Ariz. R. Civ. P. 55(a). In October 2003, MFI moved for default judgment against Hillman. *See* Ariz. R. Civ. P.

---

1. MFI originally filed this action as a civil appeal. It was re-designated as a special action by order of this Court. *See generally* Ariz. R.P. Spec. Act. 1(a). We note that no response brief was filed in this case. *See* Ariz. R.P. Spec. Act. 7(e). Despite this omission, we choose to publish this decision because we may never have a case that presents this issue for review in which the defendant responds.

55(b)(1). The trial court denied the motion, stating that money damages are not available in cases where service of process was achieved through publication.

## JURISDICTION

¶ 5 Special action jurisdiction is appropriate when there is no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a); Ariz.Rev.Stat. § 12–120.21(A)(4) (2003); *see also State ex rel. Romley v. Fields,* 201 Ariz. 321, 323, ¶ 4, 35 P.3d 82, 84 (App.2001). This Court has previously acknowledged the distinction between a default judgment from the court and an entry of default by the clerk. *See Sullivan & Brugnatelli Adver. Co., Inc. v. Century Capital Corp.,* 153 Ariz. 78, 79, 734 P.2d 1034, 1035 (App.1986); *see also* Ariz. R. Civ. P. 55(a), (b). Although an order setting aside a default judgment is appealable as a special order after judgment, *see* A.R.S. § 12–2101(C) (2003), an order vacating entry of default is not appealable. *Sanders v. Cobble,* 154 Ariz. 474, 475–76, 744 P.2d 1, 2–3 (1987) (citing *Richas v. Superior Court,* 133 Ariz. 512, 513, 652 P.2d 1035, 1036 (1982)). Thus, review by special action proceeding is appropriate. *Richas,* 133 Ariz. at 513, 652 P.2d at 1036.

## DISCUSSION

I. *The History of Service of Process by Publication*

¶ 6 Prior to 1991, the rules governing service of process were found in Rules 4(e)(1) and 4(e)(3) of the Arizona Rules of Civil Procedure. Rule 4(e)(3) provided, in pertinent part, that

*[w]here by law personal service is not required,* and a person is subject to service under Section 4(e)(1), such service may be made by either of the methods set forth in Section 4(e)(2) or by publication.

(Emphasis added.) Interpreting this rule, this Court and the Arizona Supreme Court have held that service by publication is not proper for *in personam* actions. *See Mervyn's, Inc. v. Superior Court,* 144 Ariz. 297, 300, 697 P.2d 690, 693 (1985); *Price v. Sunmaster,* 27 Ariz.App. 771, 775, 558 P.2d 966,

970 (1976); *Ticey v. Randolph,* 5 Ariz.App. 136, 137, 424 P.2d 178, 179 (1967); *Knight v. Mewszel,* 3 Ariz.App. 295, 297, 413 P.2d 861, 863 (1966), *overruled by Walker v. Dallas,* 146 Ariz. 440, 706 P.2d 1207 (1985).

¶ 7 Beginning with *Knight* in 1966, courts have construed the phrase "where by law personal service is not required" to require personal service for money judgments. 3 Ariz.App. at 297, 413 P.2d at 863. The issue in *Knight* was whether service of process by publication upon a resident defendant was sufficient to confer jurisdiction upon the court to enter a money judgment against the defendant. *Id.* at 295, 413 P.2d at 861. This Court held that publication was insufficient and, thus, the lower court lacked jurisdiction to enter judgment against the defendant. *Id.* at 297, 413 P.2d at 863.

¶ 8 One year later, the *Ticey* court was asked to abandon *Knight* in favor of the "minimum contacts" rule adopted by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *Ticey,* 5 Ariz.App. at 138, 424 P.2d at 180. This Court declined to overrule *Knight,* noting that to do so would permit service by publication under this rule any time there were minimum contacts and the defendant was a non-resident or any other type of defendant specified in Rule 4(e)(1). *Id.* This Court also noted that the rules governing service by publication should be strictly construed. *Id.*

¶ 9 In 1976, the *Price* court held that "in order to obtain a judgment *in personam,* personal service on the defendant is required." 27 Ariz.App. at 775, 558 P.2d at 970. The use of service by publication has traditionally been limited to *in rem* or *quasi in rem* actions. *Id.*

¶ 10 In 1985, the supreme court in *Mervyn's* reaffirmed this rule, stating that "where the action is to obtain a money judgment against a defendant, traditionally termed an *in personam* judgment, personal service is required." 144 Ariz. at 300, 697 P.2d at 693 (holding that garnishment proceedings are considered *quasi in rem* and, thus, service by publication is sufficient to satisfy minimum due process requirements).

Later that same year, the supreme court issued its decision in *Walker.* Citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), *Walker* limited publication under Rule (4)(e)(3) to cases involving absent non-resident motorists if the insurer is on notice of the suit. 146 Ariz. at 445, 706 P.2d at 1212.

¶ 11 In *Saucedo v. Engelbrecht,* however, this Court seemed to depart from the traditional rule regarding service by publication. 149 Ariz. 18, 716 P.2d 79 (App.1986). This Court reiterated the holding in *Walker* that service by publication is sufficient to confer *in personam* jurisdiction over a non-resident motorist if that motorist cannot be served personally and if the insurer has notice. *Id.* at 19, 716 P.2d at 80. However, this Court went on to hold that "[w]e see no constitutional distinction that would prohibit service by publication over a resident, where due diligence is exercised and he cannot be found. A finding of due diligence is a jurisdictional prerequisite." *Id.* This Court found that the plaintiff had exercised due diligence to allow service by publication on the defendant. *Id.*

¶ 12 Petitioner relies, in part, on the *Saucedo* holding in support of his contention that service by publication was proper in this case to support a default judgment. Despite this Court's apparent departure in *Saucedo* from the traditional rule of not allowing service by publication for a money judgment, we believe Rule 4.1(n) and the accompanying state bar committee note to be more persuasive because the *Saucedo* court relied on the now outdated Rule 4(e)(3).

## II.   *The Current Rule Governing Service by Publication*

¶ 13 Rule 4.1(n), the current rule governing service by publication, states that

[w]here the person to be served is one whose residence is unknown to the party seeking service but whose last known residence address was within the state, or has avoided service of process, and service by publication is the best means practicable under the circumstances for providing notice of the institution of the action, then service may be made by publication in accordance with the requirements of this subpart.

Absent from the amended language is the phrase "where by law personal service is not required," which was contained in the previous Rule 4(e)(3). Considering that the general rule adopted in Arizona relied on this language for support, we find the absence of this language in the current rule to be instructive. Strictly construing the language of Rule 4.1(n), we conclude that the rule does not distinguish between *in personam* and *in rem* or *quasi in rem* actions. To be sure, the state bar committee note advises that "[t]he additional requirement that personal service not be required by law, which found its theoretical origins in the distinction between actions in personam and actions in rem, has been eliminated." Ariz. R. Civ. P. 4.1(n) cmt.

¶ 14 Moreover, the rule specifically applies to instances when residence is unknown but the last known address is within Arizona, which is likely the circumstance in the present case. Ariz. R. Civ. P. 4.1(n). In some cases, it may be impossible for the court to determine whether the defendant is a resident or non-resident. *See, e.g., Mervyn's,* 144 Ariz. at 300 n. 4, 697 P.2d at 693. Here, MFI has a last known address for Hillman in Arizona, but has been unable to personally serve him at this address.

## III.   *Due Process Requirements*

¶ 15 In addition to satisfying the requirements of Rule 4.1(n), a plaintiff seeking service by publication must also satisfy the due process minimums articulated in *Mullane.* 339 U.S. at 314–15, 70 S.Ct. 652. Specifically, publication satisfies due process minimum notice requirements if it is the best means of notice under the circumstances and it is reasonably calculated to apprise the interested parties of the pendency of the action. *See id.* at 314. Service by publication is constitutionally sufficient for a defendant who willfully leaves the state to evade service of process. *Walker,* 146 Ariz. at 444, 706 P.2d at 1211. Service by publication is also sufficient for non-resident motorists who cannot be located through due diligence. *See id.* at 445, 706 P.2d at 1212. We hold that service

by publication is likewise sufficient when a plaintiff has exercised due diligence to personally serve a resident defendant at a last known address within the state and has complied with the publication procedures of Rule 4.1(n).

### IV. *Public Policy Considerations; Absent Defendant's Remedies*

¶ 16 Public policy is best served by not rewarding a resident defendant who successfully evades personal service to the detriment of a plaintiff who has suffered monetary damage. We agree with the state bar committee that a plaintiff who elects service by publication risks a future constitutional challenge. *See* Ariz. R. Civ. P. 4.1(n) cmt. However, it is the role of the defendant, and not the court, to challenge service of process by publication.

¶ 17 Public policy also requires that a defendant be afforded relief from unjust judgments. Thus, even if a default judgment is entered pursuant to Rule 55 of the Arizona Rules of Civil Procedure, a defendant is not without a remedy. Rule 60(c) provides that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

¶ 18 "A party seeking relief from an entry of default or default judgment must establish that (1) the failure to answer within the time required by law was due to excusable neglect; (2) relief was promptly sought; and (3) a meritorious defense to the action existed." *Baker Int'l Assocs., Inc. v. Shanwick Int'l Corp.*, 174 Ariz. 580, 583, 851 P.2d 1379, 1382 (App.1993). A defendant's neglect or inadvertence is compared to that of a

reasonably prudent person under the circumstances. *City of Phoenix v. Geyler*, 144 Ariz. 323, 331, 697 P.2d 1073, 1081 (1985). Moreover, a defendant must allege facts sufficient to demonstrate that the neglect is excusable, not merely unexplained. *Richas*, 133 Ariz. at 515, 652 P.2d at 1038.

¶ 19 Motions for relief from judgment must be filed within a reasonable time, and relief under reasons (1), (2), and (3) must be sought within six months of the judgment. Ariz. R. Civ. P. 60(c). However, there is no time limit in which a motion for a void judgment must be brought under Rule 60(c)(4), and the court must vacate such a judgment even in the case of unreasonable delay by the party seeking relief. *Martin v. Martin*, 182 Ariz. 11, 14, 893 P.2d 11, 14 (App.1994); *see also Int'l Glass & Mirror, Inc. v. Banco Ganadero Y Agricola, S.A.*, 25 Ariz.App. 604, 605, 545 P.2d 452, 453 (1976) ("The 'reasonable time' requirement of Rule 60(c) ... does not apply when a judgment is attacked as void."). A judgment or order is void if the court lacked jurisdiction over the subject matter, over the person, or over the particular judgment or order entered. *Martin*, 182 Ariz. at 15, 893 P.2d at 15. Moreover, a party seeking relief from a void judgment need not show that their failure to file a timely answer was excusable, that they acted promptly in seeking relief from the default judgment, or that they had a meritorious defense. *Darnell v. Denton*, 137 Ariz. 204, 206, 669 P.2d 981, 983 (App.1983).

¶ 20 Rule 60(c) also prescribes specific, separate relief for cases involving service by publication:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from judgment, order or proceeding, *or to grant relief to a defendant served by publication as provided by Rule 59(j)* or to set aside a judgment for fraud upon the court.

(Emphasis added.) Rule 59(j) provides that "[w]hen judgment has been rendered on service by publication, and the defendant has not appeared, a new trial may be granted upon application of the defendant for good cause shown by affidavit, made within one year after rendition of the judgment." When service of process was by publication, a party against whom a default judgment has been

entered may seek relief under Rule 59(j) within one year of the judgment. After one year has lapsed, the party may still seek relief under Rule 60(c)(4). Thus, the advantages afforded a plaintiff in Rule 4.1(n) by allowing service by publication for *in personam* actions are counter-balanced by the relief provided a defendant in Rules 59(j) and 60(c).

¶ 21 Based on the order of publication issued by the court below, we assume that MFI exercised due diligence in attempting to personally serve Hillman and satisfied the procedural requirements of Rule 4.1(n). We conclude that the court erred by *sua sponte* asserting Hillman's challenge to the validity of publication in this case. The court should have granted MFI's motion for default judgment. Hillman may then challenge the default judgment under Rules 59(j) and 60(c) of the Arizona Rules of Civil Procedure.

## CONCLUSION

¶ 22 For the foregoing reasons, we accept jurisdiction and we grant relief. We reverse the trial court's denial of MFI's motion for default judgment and remand for further proceedings consistent with this decision.

CONCURRING: G. MURRAY SNOW, Presiding Judge and JOHN C. GEMMILL, Judge.