NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of the Estate of
MICHAEL MCLAUGHLIN,
Decedent.

ROBERT WILLIAMS,
*Petitioner/Appellant*,

v.

DALE A. MCLAUGHLIN, JR.,
as Personal Representative of the Estate of Michael McLaughlin,
*Respondent/Appellee*.

No. 1 CA-CV 20-0602
FILED 10-26-2021

Appeal from the Superior Court in Yuma County
No. S1400PB201800125
The Honorable Mark W. Reeves, Judge

**AFFIRMED**

COUNSEL

Benesch Shadle & White, PLC, Yuma
By Trevor Thomas White, Elizabeth A. Norton
*Counsel for Petitioner/Appellant*

Hunt Walsma & Gale, Yuma
By Gerald W. Hunt, Alicia Z. Aguirre
*Counsel for Respondent/Appellee*

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

**W E I N Z W E I G**, Judge:

¶1 Petitioner Robert Williams appeals from the superior court's denials of his motions to vacate. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Decedent Michael McLaughlin died testate in May 2018, designating his two sons and stepdaughter as beneficiaries. Petitioner is married to the stepdaughter.

¶3 In March 2019, Petitioner filed an objection and request for formal proceedings in the probate court, alleging the decedent gifted his motorhome to Petitioner. Petitioner claimed the decedent signed a certificate of title for the motorhome and handed it to Petitioner, along with the keys, just before death. Decedent's Estate contested this claim because the certificate of title was not notarized.

¶4 The probate court held a hearing in June 2019, and ordered the parties to submit briefs on whether the motorhome could be gifted without a notarized certificate of title. The court then requested supplemental briefing "replete with the factual scenario and how the law applies to the facts" because "[t]he Court is attempting to go forward without an evidentiary hearing which may not be necessary." On October 15, the court found that the decedent had not gifted the motorhome to Petitioner, and it still belonged to the Estate. The Estate successfully moved for attorney fees. Petitioner filed a motion for reconsideration, which was denied. And the probate court certified the order as final on December 18 under Arizona Rules of Civil Procedure 54(c).

¶5 Petitioner filed more motions in late January 2020, including a renewed motion for reconsideration of the October 2019 order, and motions to vacate the probate court's orders denying his motion for reconsideration and granting attorney fees. The court denied these motions in July 2020.

**¶6**          On August 12, 2020, Petitioner filed a notice of appeal, challenging the probate court's October 2019 order on the merits, and the court's denial of his motion for reconsideration on July 17, 2020.  On March 19, 2021, in performing its duty to determine jurisdiction, this court limited the issues on appeal because Petitioner had not timely appealed the October 2019 order, which became final and appealable on December 20, 2019.  We ordered "that jurisdiction in this appeal is limited to the July 17, 2020 ruling addressing the request for Rule 60(b) relief."  We have jurisdiction.  A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶7**          Petitioner appeals the probate court's denial of his motions to vacate.  We review the court's denial of a Rule 60(b) motion for an abuse of discretion, *Gonzalez v. Nguyen*, 243 Ariz. 531, 533, ¶ 8 (2018), and will affirm "unless undisputed facts and circumstances require a contrary ruling," *City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985) (internal quotation marks and citation omitted).

**¶8**          Petitioner first argues the probate court should have vacated its October 2019 order, which ruled that decedent did not gift the motorhome, because the court deprived him of an evidentiary hearing on the mistaken belief he waived the hearing.  He relies on Arizona Rules of Civil Procedure 60(b)(1) and 60(b)(6).  Because the court properly denied this motion, we affirm.

**¶9**          Petitioner misinterprets and misapplies Rule 60(b)(1), which enables the probate court to relieve a party from a final judgment or order upon a showing of "mistake, inadvertence, surprise, or excusable neglect."  Ariz. R. Civ. P. 60(b)(1).  This rule "provide[s] relief for those mistakes and errors which inevitably occur despite diligent efforts to comply with the rules."  *Geyler*, 144 Ariz. at 332.  A party's neglect or inadvertence is excusable when it "might be the act of a reasonably prudent person under the same circumstances."  *Id*. at 331.  Rule 60(b)(1) does not provide litigants with another chance to challenge the merits of the court's decision.

**¶10**          Petitioner also misinterprets Rule 60(b)(6), which enables the probate court to relieve a party from a final judgment "for any reason justifying relief, provided that the [party] can show extraordinary circumstances of hardship or injustice justifying relief."  *Skydive Ariz., Inc. v. Hogue*, 238 Ariz. 357, 364, ¶ 25 (App. 2015) (internal quotation marks and citation omitted).  He offers no such extraordinary circumstances here but instead wants to relitigate the merits impermissibly.  *See Dept. of Econ. Sec.*

*v. Mahoney*, 24 Ariz. App. 534, 536 (1975) (explaining that rule is not "designed to be a substitute for appeal").[1]

**¶11**     Petitioner next contends the probate court should have vacated its attorney fee award to the Estate as void under Rule 60(b)(4). Petitioner did not raise this argument below and thus waived it on appeal. *Fisher v. Edgerton*, 236 Ariz. 71, 77, ¶ 18 (App. 2014). Even if preserved, however, Rule 60(b)(4) applies when the superior court lacks jurisdiction, which is not argued here. *See Master Financial, Inc. v. Woodburn*, 208 Ariz. 70, 74, ¶ 19 (App. 2004) (a "judgment or order is void if the court lacked jurisdiction over the subject matter, over the person, or over the particular judgment or order entered"). Finding no error, we affirm.

## CONCLUSION

**¶12**     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:        JT

---

[1]     Beyond that, the probate court had discretion to hold an evidentiary hearing. *See* Ariz. R. Probate P. 23(b) ("If the court does not decide at the initial hearing all the issues raised in a petition, the court may set an evidentiary hearing on the remaining issues."). The court concluded an evidentiary hearing was unnecessary after the parties submitted briefing on the law and facts.